John **CASTELLANOS**, Petitioner–Appellant,

v.

**UNITED STATES of America**, Respondent–Appellee.

Kevin B. **STREETE**, Petitioner–Appellant,

v.

**UNITED STATES of America**, Respondent–Appellee.

Nos. 93–1287, 93–1626.

United States Court of Appeals, Seventh Circuit.

Submitted April 28, 1994.

Decided June 10, 1994.

John Castellanos (submitted), pro se.

Rodger A. Heaton, Asst. U.S. Atty., Springfield, IL, for the U.S. in No. 93–1287.

Kevin B. Streete, pro se.

John J. Thar, Asst. U.S. Atty., Cale J. Bradford, Indianapolis, IN, for the U.S. in No. 93–1626.

Before CUDAHY, EASTERBROOK, and MANION, Circuit Judges.

EASTERBROOK, Circuit Judge.

These appeals present a common question: whether a prisoner who contends that his attorney rendered ineffective assistance by failing to perfect an appeal from his conviction must show that he would have prevailed had an appeal been taken. We answer "no." If the defendant told his lawyer to appeal, and the lawyer dropped the ball, then the defendant has been deprived, not of effective assistance of counsel, but of *any* assistance of counsel on appeal. Abandonment is a *per se* violation of the sixth amendment. *United States v. Cronic,* 466 U.S. 648, 658–59, 104 S.Ct. 2039, 2046–47, 80 L.Ed.2d 657 (1984).

Castellanos pleaded guilty. He tells us that the quantities of cocaine the prosecutor attributed to him are excessive, and that he developed a line of testimony and argument to be presented at the sentencing proceeding—but that the lawyer unaccountably failed to present it. Then, he says, he told his lawyer to appeal, but the lawyer refused, informing Castellanos that one may not appeal from a sentence based on a plea of guilty. Streete also pleaded guilty and believes that his sentence is excessive. He, too, says that he asked his lawyer to appeal. Streete's lawyer did not refuse, but neither did he file a notice of appeal.

Both Castellanos and Streete filed petitions under 28 U.S.C. § 2255, contending that they had received ineffective assistance of counsel. Both district judges denied the petitions, reasoning that all claims had been forfeited by failure to take an appeal. Counsel's constitutionally ineffective performance may establish "cause" for such an omission. *Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986). But subpar performance by a lawyer is constitutionally ineffective only if it causes prejudice, *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984), and in each case the judge concluded that "prejudice" means jeopardizing a substantial prospect of success on appeal. The judges believed that Castellanos and Streete had little chance of victory and therefore had not suffered prejudice by the absence of an appeal. That conclusion led each judge to deny the petition.

One obvious difficulty with this application of the "prejudice" component is that the defendant never receives the benefit of a lawyer's services in constructing potential appellate arguments. Neither Castellanos nor Streete has had legal representation when seeking relief under § 2255. No one has looked at the record with an advocate's eye. Although the district judges conscientiously tried to imagine what a lawyer might have done, an advocate often finds things that an umpire misses—especially when the umpire is asking whether the court of appeals was likely to reverse his own decision. Few district judges believe that their decisions are likely to be overturned; if they believed that, they would have done things differently in the first place. We know from cases such as

*Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *McCoy v. Court of Appeals of Wisconsin,* 486 U.S. 429, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988); and *United States v. Edwards,* 777 F.2d 364 (7th Cir.1985), that if the lawyers representing Castellanos and Streete had filed notices of appeal but then had not filed briefs, or had filed one-paragraph statements that in their views the appeals lacked merit, their performance would have been constitutionally deficient. *Penson v. Ohio,* 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), holds that the "prejudice" component of *Strickland* does not apply when an appellate lawyer fails either to file a brief or to satisfy the requirements of *Anders* in seeking leave to withdraw. See also *Evitts v. Lucey,* 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985); *Rodriques v. United States,* 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969).

Although the Constitution does not ensure that every defendant receives the benefit of superior advocacy—how could it, given that half of all lawyers are below average?—it does entitle every defendant to the benefits of an advocate. *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), departed from *Betts v. Brady,* 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595 (1942), only by concluding that when the defendant never had access to legal assistance, the Court would not attempt to assess prejudice. So if the lawyer fails to show up for trial, that fact alone establishes a constitutional flaw—even if a judge believes that a lawyer, having the defendant's interests at heart, would not have cross-examined the prosecution's witnesses and would have rested without presenting evidence. Just so, we believe, if the lawyer fails to show up for appeal—which can occur either if the lawyer fails to initiate an appeal or if the lawyer fails to prosecute the appeal.

Every court that has squarely confronted this question since *Penson* has held that failure to take an appeal, despite the defendant's request, is ineffective assistance without regard to the probability of success on appeal. See *Bonneau v. United States,* 961 F.2d 17 (1st Cir.1992); *Williams v. Lockhart,* 849 F.2d 1134, 1137 n. 3 (8th Cir.1988); *Unit-ed States v. Horodner,* 993 F.2d 191, 195 (9th Cir.1993); *United States v. Davis,* 929 F.2d 554, 557 (10th Cir.1991). "Request" is an important ingredient in this formula. A lawyer need not appeal unless the client wants to pursue that avenue. Moreover, as we held in *United States v. Mosley,* 967 F.2d 242 (7th Cir.1992), the Constitution does not require a lawyer to advise the client of the right to appeal. That duty rests principally on the judge—and even if both judge and counsel forget to provide this advice, most defendants know about the possibility of appeal and cannot complain if they are not furnished redundant information. "Counsel will not be found ineffective per se for failure to appeal an appealable judgment." *Oliver v. United States,* 961 F.2d 1339, 1342 (7th Cir.1992). Only a failure to appeal a judgment that the defendant desires to appeal is problematic. If the defendant wants to take an imprudent appeal, the lawyer properly may try to talk him out of it. For example, when the defendant wants to contest the adequacy of representation at trial, he may have better prospects pursuing a claim under § 2255 than taking a direct appeal. See *Guinan v. United States,* 6 F.3d 468 (7th Cir.1993). But if the defendant nonetheless insists on appealing, the lawyer must file the notice of appeal and represent his client earnestly unless relieved by the court of appeals.

Although other courts of appeals have uniformly concluded that a lawyer's failure to carry out a client's instruction to appeal is ineffective assistance, the picture in this court is cloudy. We held in *United States ex rel. Thomas v. O'Leary,* 856 F.2d 1011 (7th Cir.1988), that a defendant whose lawyer failed to file a brief on appeal need not establish prejudice from this omission—which the first circuit read in *Bonneau* as equivalent to a conclusion that failure to appeal is *per se* ineffective. 961 F.2d at 23. So a panel of this court assumed in *Mosley* when remanding so that the district judge could decide whether the defendant instructed the lawyer to appeal, without asking the district judge to inquire into prejudice. But the panel in *Belford v. United States,* 975 F.2d 310, 315 (7th Cir.1992), made the opposite assumption, citing *Strickland* for a prejudice requirement without discussing *Thomas.*

Accord, *Van Russell v. United States*, 976 F.2d 323, 326–27 (7th Cir.1992). Tellingly, *Belford* and *Van Russell* did not cite *Penson* or the portion of *Cronic* recognizing that a lawyer's abandonment of his client is ineffective *per se*. We doubt that the parties brought these cases to the panels' attention. To relieve the tension in our decisions, we now disavow the language of *Belford* and *Van Russell* requiring a defendant to establish prejudice from failure to appeal. A defendant is entitled on direct appeal to legal aid in demonstrating that the district judge committed an error, and he need not make a preliminary showing of "prejudice" tantamount to presenting the appeal without legal assistance.*

■ Because the district judges in these cases concluded that Castellanos and Streete lacked good prospects on direct appeal, they did not decide whether the defendants actually instructed their lawyers to take appeals. We vacate the judgments of the district court and remand so that the courts may determine whether Castellanos and Streete timely told their lawyers that they wanted appellate review. If the answer is yes, then the court should enter an order providing the appropriate relief for the ineffective assistance: the defendant receives the right to an appellate proceeding, as if on direct appeal, with the assistance of counsel. *Page v. United States*, 884 F.2d 300 (7th Cir.1987).

VACATED AND REMANDED.

---

* This opinion was circulated before release to all judges in active service. See Circuit Rule 40(f).

No judge favored a hearing en banc.