
UNITED STATES of America, Plaintiff,

v.

Cedric MITCHELL, Defendant.

Nos. 93–CR–63, 94–C–300.

United States District Court,
E.D. Wisconsin.

Sept. 26, 1994.

Thomas P. Schneider, U.S. Atty. by William J. Lipscomb, Asst. U.S. Atty., Milwaukee, WI, for plaintiff.

Cedric Mitchell, pro se.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

On March 21, 1994, the pro se petitioner, Cedric Mitchell, filed a "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody" along with a supporting brief. The motion challenges the sentence imposed on him by this court on September 28, 1993, in connection with his guilty plea to the charge of conspiracy to possess with intent to distribute in excess of five kilograms of cocaine in violation of 18 U.S.C. § 2, 21 U.S.C. §§ 841(a)(1) and 846. Pursuant to Mr. Mitchell's motion, the judgment of conviction will be vacated and reentered.

Mr. Mitchell challenges his sentence on three grounds: (1) the court improperly applied the sentencing guidelines; (2) his counsel rendered ineffective assistance; and (3) his plea was not knowingly or voluntarily made. Mr. Mitchell's petition reveals that he failed to file a direct appeal from his sentence. In general, when a petitioner fails to raise sentencing errors on direct appeal, he may not challenge these errors in a § 2255 proceeding without showing cause for his failure to raise the matter on direct appeal and also showing actual prejudice resulting from the alleged errors. *Degaglia v. United States*, 7 F.3d 609, 611 (7th Cir.1993) (citing *United States v. Frady*, 456 U.S. 152, 167–68, 102 S.Ct. 1584, 1594–95, 71 L.Ed.2d 816 (1982)).

Mr. Mitchell argues that he has cause for not filing a direct appeal: (1) his attorney rendered ineffective assistance by failing to file a direct appeal of the sentence as he requested, and (2) the sentencing court did not advise him of his right to seek leave to appeal in forma pauperis.

By decision and order of April 26, 1994, I determined that Mr. Mitchell's petition met the requirements of Rule 4, Rules Governing Section 2255 Proceedings. Accordingly, I

entered a briefing schedule which required the United States Attorney to serve and file a response to Mr. Mitchell's motion; Mr. Mitchell was invited to serve and file a reply.

Subsequently, I entered an order on August 8, 1994, which directed the United States Attorney to serve and file a supplemental response along with any affidavits or documentary evidence. I also ordered Mr. Mitchell to serve and file a supplemental reply. The supplemental briefing schedule was imposed to provide the parties with an opportunity to address the factual issue as to whether Mr. Mitchell made a timely request to his counsel to file an appeal. Such an inquiry is necessary in view of the recent decision of the court of appeals for the seventh circuit in *Castellanos v. United States,* 26 F.3d 717 (7th Cir.1994), which held that counsel's failure to take an appeal, despite the defendant's timely request, is a per se violation of the defendant's Sixth Amendment right to the effective assistance of counsel such that the defendant need not show prejudice. *Castellanos,* 26 F.3d at 718.

According to the government's response and its accompanying affidavit of Bernard Freudenfeld—Mr. Mitchell's trial counsel—Mr. Mitchell did not voice his desire to appeal until October 27, 1993. The government maintains that this request was untimely as it was more than 10 days after the judgment was entered on September 28, 1993. Under Rule 4(b), Federal Rules of Appellate Procedure, Mr. Mitchell was obligated to file a notice of appeal within 10 days after the judgment was entered.

In his supplemental reply, Mr. Mitchell states in his affidavit that he asked his attorney to appeal his sentence as early as the day of his sentencing hearing—September 28, 1993. Further, Mr. Mitchell states that he telephoned his attorney from jail on "the second day after sentence was imposed and ... asked of [sic] he had prepared any motions toward an appeal."

Thus, it appears from the affidavits of the parties that a factual dispute exists as to whether Mr. Mitchell timely requested counsel to file an appeal on his behalf. Ordinarily, an evidentiary hearing would be conducted to resolve this factual issue. *See* Rule 8, Rules Governing Section 2255 Proceedings. However, after Mr. Mitchell served and filed his supplemental reply with his accompanying affidavit, the government filed a "Reply on Supplemental Briefing" in which it agreed to stipulate that the "defendant did ask his trial counsel to appeal the sentence." This concession by the United States obviated the necessity of any formal fact finding. The court has not afforded Mr. Freudenfeld an opportunity for an evidentiary hearing because the government's concession is controlling for purposes of this motion only. The ruling on Mr. Mitchell's motion is not binding in regard to the inadequate performance of Mr. Freudenfeld for any other purpose.

■ Based on the government's stipulation that Mr. Mitchell did make a timely request to his counsel to appeal his sentence, I must conclude that counsel's failure to file the appeal, as requested, constitutes a per se violation of Mr. Mitchell's Sixth Amendment right to the effective assistance of counsel. *See Castellanos,* 26 F.3d at 718.

In order to provide appropriate relief for the ineffective assistance rendered by Mr. Mitchell's trial counsel, I will order the Clerk of Court to vacate the judgment entered on September 28, 1993, and to reenter the judgment of conviction. *See Castellanos,* 26 F.3d at 720 (where district court determines that trial counsel was ineffective in that he failed to perfect an appeal even though the defendant instructed the lawyer to appeal his sentence, appropriate relief for the ineffective assistance is for the defendant to receive "the right to an appellate proceeding, as if on direct appeal...."); *Page v. United States,* 884 F.2d 300, 302 (7th Cir.1989) ("Ineffective assistance may justify vacating and reentering the judgment of conviction, allowing a fresh appeal."). This relief will allow Mr. Mitchell a new time period in which to file a notice of appeal under Rule 4(b), Federal Rules of Civil Procedure.

## ORDER

Therefore, IT IS ORDERED that pursuant to Mr. Mitchell's motion under 28 U.S.C. § 2255 the Clerk of Court be and hereby is ordered to vacate the judgment of conviction

entered on September 28, 1993, in case number 93–CR–63 and to reenter the judgment of conviction under current date.