41 F.3d 1510
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
George W. BARGER, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-3885.
 United States Court of Appeals, Seventh Circuit.
 Argued Sept. 22, 1994.
Decided Oct. 27, 1994.
 
 Before CUMMINGS, ESCHBACH, and MANION, Circuit Judges.
 
 ORDER
 
 1
 George Barger was indicted on sixty-four counts of mail fraud in violation of 18 U.S.C. Sec. 1341 and twenty-four counts of wire fraud in violation of 18 U.S.C. Sec. 1343. A one-count information also charged him with federal income tax evasion in violation of 26 U.S.C. Sec. 7201. Barger pleaded guilty to seven counts of mail fraud and one count of federal income tax evasion. The government dropped the remaining counts. The district court sentenced Barger to twenty years in prison.
 
 
 2
 As is frequently the case, Barger was unhappy with his sentence. However, he did not indicate his dissatisfaction by filing a notice of appeal within 10 days of the date judgment was entered, as required by Federal Rule of Appellate Procedure 4(b). (Judgment was entered against Barger on June 21, 1990, which gave him until July 2, 1990 to file a notice of appeal.) Instead, Barger, through his attorney Yackey, filed a Motion for an Extension of Time to File a Notice of Appeal on July 26, 1990, 35 days after the entry of judgment. The court denied this motion. Barger's attorney then filed a Motion to Reconsider, which the court also denied. Again, attorney Yackey failed to file a timely notice of appeal from the denial of the Motion to Reconsider. Instead, he filed a Motion for Leave for an Extension of Time to File a Notice of Appeal from the District Court's Denial of His Motion to Reconsider. This was denied. Yackey (finally) filed a timely notice of appeal from this denial. This court affirmed the district court's denial of the Motion for an Extension of Time to File a Notice of Appeal from the Denial of the Motion to Reconsider. United States v. Barger, No. 90-3834, WL 196271 (7th Cir. October 4, 1991) (unpublished order). As we stated in that order, and as the above chronology indicates, this was a comedy of errors which presented a motion thrice removed from the sentence which Barger sought to challenge. But as we also pointed out in that order, Barger retained the option of filing a petition under 28 U.S.C. Sec. 2255. That is exactly what Barger did--he filed a petition for writ of habeas corpus pursuant to 28 U.S.C. Sec. 2255. The district court denied that petition, finding that Barger had not shown the requisite cause and prejudice for failing to maintain a direct appeal of his sentence. Barger (now represented by different counsel) filed a timely notice of appeal from the denial of his writ of habeas corpus. Based on our recent decision in Castellanos v. United States, 26 F.3d 717 (7th Cir.1994), we vacate the judgment of the district court and remand for a determination as to whether Barger actually instructed Yackey to take an appeal.
 
 
 3
 In Castellanos, two incarcerated persons filed separate petitions for habeas corpus under 28 U.S.C. Sec. 2255 after their attorneys failed to directly appeal their sentences. The district courts in each case denied the petitions, reasoning that the petitioners had forfeited all claims by failing to take a direct appeal. In doing so, the district courts recognized that a petitioner could avoid forfeiture by showing cause for the failure to bring a direct appeal and prejudice from this failure. Id. at 718. The district courts concluded, however, that even if the failure of the petitioners' attorneys to file direct appeals constituted "cause," no prejudice existed. Id. Therefore, the district courts denied the petitioners habeas relief.
 
 
 4
 This court, however, vacated the judgments of the district courts, holding that if a defendant instructs his lawyer to take an appeal and the attorney fails to do so, the defendant has received ineffective assistance of counsel and is entitled to an appellate proceeding, as if on direct appeal. Id. at 718. We then remanded to the district courts for determination as to whether the defendants timely instructed their lawyers to appeal their sentences.
 
 
 5
 In this case, the district court, at the time that it reached its decision, did not have the benefit of the Castellanos opinion. Understandingly, therefore, the district court did not determine whether Barger had instructed Yackey to appeal his sentence. It is simply impossible to conclude from isolated portions of the record whether Barger in fact instructed Yackey to appeal his sentence. We must therefore remand to allow the district court to determine whether Barger instructed Yackey to appeal his sentence within the requisite time for filing a notice of appeal. This determination will likely come down to a resolution of credibility, given the competing inferences found in the record.[1] The fact that Barger was an attorney, and at one time even a prosecutor, will shed light on the exchange between Barger and Yackey after sentencing.
 
 
 6
 We accordingly remand to allow the district court to determine whether Barger instructed Yackey to appeal his sentence prior to July 2, 1990. "If the answer is yes, then the court should enter an order providing the appropriate relief for the ineffective assistance: the defendant receives the right to an appellate proceeding, as if on direct appeal, with the assistance of counsel." Id. at 720.
 
 For the foregoing reasons we
 
 7
 VACATE and REMAND.
 
 
 
 [1]
 For example, portions of the record indicate that Barger did not instruct Yackey to file a notice of appeal by July 2, 1990. Specifically, Yackey stated in an affidavit filed with the district court that: "The undesigned counsel for the defendant was surprised at the sentence given by the court in this matter, but did not feel that the sentence was attackable, insofar as it was within the maximum term of the plea agreement. The defendant was so advised and no appeal was undertaken as of the date of the sentencing and counsel's departure for Europe." Yackey's affidavit also stated that Barger directed that he appeal the sentence on July 13, 1990--after the time for appeal had run. That Barger did not immediately request Yackey to file an appeal is further supported in Yackey's second affidavit in which he stated: "Barger ... vigorously pursued his appeal rights since mid July"--after the July 2, 1990 deadline. Another portion of the record indicates that Barger did not believe that he had a basis for appeal until July 13, 1990, also after the July 2, 1990 deadline. This belies Barger's position that he instructed Yackey to appeal his sentence prior to July 2, 1990
 On the other hand, Yackey stated in a verified motion that "immediately after the sentence was imposed on Petitioner and while still in the courtroom, Petitioner instructed Allan L. Yackey that he wanted in some way to challenge the sentence imposed; however, Petitioner received no reply from Allan L. Yackey, pursuant to his instruction." This statement was made under oath and under the penalty of perjury. Also under oath, Barger stated "Petitioner was unsure of what his rights were, if any, to challenge the sentence of the Court, but he instructed Yackey to challenge the sentence if possible."