52 F.3d 328
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 James L. BURKETT, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-3789.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 29, 1995.*
Decided April 11, 1995.
 
 Before CUMMINGS, EASTERBROOK and RIPPLE, Circuit Judges.
 
 Order
 
 1
 James Burkett is serving a sentence of 100 months' imprisonment, following his plea of guilty to cocaine-distribution charges. He did not appeal from the sentence, and it is easy to see why. As part of the plea bargain the prosecution dismissed additional charges, and it supported a downward departure from the Guidelines. Although he faced a range of 151-188 months' imprisonment under the stipulated facts, Burkett was sentenced to 120 months' imprisonment, and the prosecution supported the later reduction to 100 months. It is, moreover, hard to see what issues could have been raised on appeal, given that all of the essential facts had been stipulated.
 
 
 2
 Nonetheless, Burkett has commenced this proceeding under 28 U.S.C. Sec. 2255, contending that his attorney provided ineffective assistance by not driving a harder bargain, by stipulating to an excessive amount of cocaine, and by failing to take an appeal. The district court evaluated the attack on counsel's performance in the negotiation and sentencing proceedings and found that he was quite effective. That finding is not clearly erroneous.
 
 
 3
 On appeal Burkett renews his argument that his lawyer failed to appeal. This contention is not prominent in Burkett's papers (here or in the district court), but it appears. The district court did not mention it. Whether it is viable depends on whether Burkett instructed his lawyer to appeal. We held in Castellanos v. United States, 26 F.3d 717 (7th Cir.1994), that failure to take an appeal despite the defendant's instructions to do so is ineffective per se--which means that the defendant need not show prejudice. If, however, the defendant did not seek to appeal at the time, but later changed his mind, there is no constitutional problem. Castellanos makes that clear, too. The transcript of the plea and sentencing proceeding shows that the judge informed Burkett of his right to appeal. The essential question then is whether he told his lawyer to exercise that right. Yet neither in the district court nor in his papers on appeal has Burkett contended that he gave his lawyer that instruction. The fact that Burkett had little to gain (given the stipulation) and much to lose (given the possibility that success on appeal would lead the prosecutor to withdraw the discount and reinstate the other charges) makes the absence of such an assertion understandable. Although we give pro se litigants the benefit of the doubt in interpreting ambiguous claims, we do not put words in their mouths. Burkett has not advanced the kind of claim presented in Castellanos, so the judgment is
 
 
 4
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). No such statement has been filed, so the appeal is submitted for decision on the briefs and record