53 F.3d 333
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit
 Walter F. KUSAY, Jr., Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-3973.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 26, 1995.*
Decided May 3, 1995.
 
 Before CUMMINGS, EASTERBROOK, and RIPPLE, Circuit Judges.
 
 Order
 
 1
 Walter Kusay, Jr., pleaded guilty to mail fraud. Kusay says that he asked his lawyer to appeal the sentence, only to be told: "Wally, you don't have the money to appeal." No appeal was filed. When Kusay sought relief under 28 U.S.C. Sec.2255, the district court dismissed the petition, holding that all claims had been waived by failure to appeal.
 
 
 2
 Castellanos v. United States, 26 F.3d 717 (7th Cir. 1994), which was released after the district court's decision, holds that a lawyer's failure to carry out his client's instruction to take an appeal is ineffective assistance of counsel, entitling the defendant to an appeal (with the aid of counsel) as if on direct review. This case therefore must be remanded so that the district judge may determine whether Kusay is telling the truth when he says that he asked his lawyer to appeal, and that the lawyer refused.
 
 
 3
 If the lawyer indeed refused to file a notice of appeal, more than a new appeal lies in store. A criminal lawyer may not abandon a client whose funds have run out. Until relieved by a court, a lawyer must continue the representation--if need be, under the terms of the Criminal Justice Act. Circuit Rule 4. The United States submits that, when the lawyer balked, Kusay had to file his own notice of appeal. Not so. Kusay was entitled to the services of an advocate. A lawyer who deserts his client does not foist the burdens of self-representation on the defendant; instead the lawyer brings shame (and professional discipline) on himself, and the defendant is entitled to a new proceeding with the aid of a competent, ethical lawyer.
 
 
 4
 The judgment is vacated, and the case is remanded for further proceedings consistent with this opinion and with Castellanos.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed. R. App. P. 34(a), Circuit Rule 34(f). No such statement has been filed, so the appeal is submitted for decision on the briefs and record