59 F.3d 173
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Gregory LeMAY, Petitioner-Appellant,
v.
Donald GUDMANSON, Respondent-Appellee.
 No. 94-2190.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 7, 1995.*
Decided June 15, 1995.
 
 Before POSNER, Chief Judge, and PELL and ESCHBACH, Circuit Judges.
 
 Order
 
 1
 Gregory LeMay pleaded no contest to charges of armed burglary and endangering safety by conduct regardless of life stemming from a 1985 incident where it was alleged that he broke into an Oshkosh residence at three in the morning, armed himself with a knife, hooded himself with a blanket, and, yelling insults and "You are dead!", stabbed the homeowner who confronted him. He was sentenced to a term of fifteen years.
 
 
 2
 LeMay raises a Sec. 2254 claim on the argument that he had a plea agreement for a five-year term, that the state breached that agreement by asking for a thirty-five year term, and that his attorney rendered ineffective assistance by failing to bring the sentencing court's attention to the agreement. However, the Wisconsin court, on postconviction review, found that no such plea agreement existed. This finding is presumed correct, 28 U.S.C. Sec. 2254(d), and we are required to honor it. It is certainly not a credibility determination we would be inclined to reverse, given that LeMay's original claim before the state court on post-conviction appeal was that the plea agreement was for fifteen years. These claims melt away entirely.
 
 
 3
 LeMay raises a further ineffective assistance of counsel claim stemming from the fact that his original attorney was required by the state court to recuse himself after his firm hired an attorney from the prosecutor's office who worked on LeMay's case. The state court found that there was no prejudice from this "conflict" (a conflict that could only disadvantage the prosecution, if anyone), and that the "representation of the defendant was more than reasonably effective and adequate". Indeed, it made the further finding that there was not even an actual conflict of interest. The court further noted that LeMay's first attorney had nothing to do with his decision to plead no-contest. Again, we are required by Sec. 2254(d) to defer to the findings of the state court.
 
 
 4
 LeMay also claims that his no-contest plea must be vacated because he did not know the "elements of the crime of armed burglary" when the plea was offered. The trial judge, however, did explain these elements, and the factual basis was made plain at the preliminary hearing. The state court found that the no-contest plea "was freely, knowingly and intelligently made." As with the other claims, Sec. 2254(d) requires us to find the claim meritless.
 
 
 5
 LeMay's last effort at raising an ineffective assistance of counsel claim involves the failure of his attorney to appeal the fifteen-year sentence he received. LeMay claims that he asked his attorney to appeal, immediately after he was sentenced. The attorney wrote LeMay that she did not think an appeal wise, explaining, "I think the likelihood that the judge would increase [your sentence] is about as good as the judge would decrease it" due to the publicity the case received. No appeal took place, though it is unclear why. Normally, reasonable strategic choices of counsel are not to be second-guessed by federal habeas corpus review. Strickland v. Washington, 466 U.S. 668, 690-91 (1984). Given LeMay's criminal history of convictions on two counts of first-degree sexual assault and two counts of armed robbery, among others, and given that LeMay waited less than three months from being released on parole to commit a violent attack in the course of a home invasion, one might suggest that a fifteen-year sentence is charitable, and that an appeal would have been foolish.
 
 
 6
 Nevertheless,
 
 
 7
 [i]f the defendant wants to take an imprudent appeal, the lawyer properly may try to talk him out of it.... But if the defendant nonetheless insists on appealing, the lawyer must file the notice of appeal and represent his client earnestly unless relieved by the court of appeals.
 
 
 8
 Castellanos v. United States, 26 F.3d 717, 719 (7th Cir. 1994). Failure to appeal a judgment that a defendant desires to appeal is per se ineffective assistance of counsel, without any requirement of a showing of prejudice. Id. The state court incorrectly held on post-conviction review that any failure to appeal did not prejudice LeMay. The district court must determine the circumstances behind LeMay's failure to appeal: did LeMay's attorney abandon him, or did LeMay agree with his attorney's advice that an appeal might be counterproductive and decide not to appeal? The Wisconsin courts have made no findings on these issues, so the district court must.
 
 
 9
 We AFFIRM in part and REVERSE in part the decision of the district court denying the petition for habeas corpus, and remand for further proceedings consistent with this opinion. Cf. Castellanos, 26 F.3d at 720.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed. R. App. P. 34(a); Cir. R. 34(f). No statement has been filed. Accordingly, the appeal is submitted on the briefs and the record