70 F.3d 117
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
John CASTELLANOS, Defendant-Appellant.
 No. 94-3967.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 2, 1995.*
Decided Nov. 7, 1995.
 
 Before CUMMINGS, KANNE and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Appellant John Castellanos pled guilty to one count of conspiracy to distribute cocaine (21 U.S.C. Sec. 846) ("Count I") and one count of attempting to possess cocaine with intent to distribute it (21 U.S.C. Sec. 841(a)(1)) ("Count II"). Castellanos appeals his sentence on the grounds of "sentencing entrapment" and ineffective assistance of counsel. We affirm.
 
 FACTS
 
 2
 Castellanos and co-conspirators Roberto Herrera and Francisco Corral-Ibarra were apprehended by the Drug Enforcement Agency ("DEA") in a "reverse buy sting." The DEA, through a cooperating individual, arranged the "sale" of 50 kilograms of cocaine to Castellanos and Corral-Ibarra. Castellanos and Corral-Ibarra were arrested when they appeared to pay for the drugs with $481,115 in cash.[1]
 
 
 3
 All three were charged with one count of conspiracy to distribute cocaine and one count of attempting to possess cocaine with intent to distribute it. Herrera and Corral-Ibarra went to trial and were found guilty on both counts. Their convictions and sentences were affirmed on appeal. See United States v. Corral-Ibarra, 25 F.3d 430 (7th Cir.1994). Castellanos pled guilty to both counts. His offense level was 34, which included a two-point reduction for acceptance of responsibility, and his criminal history category was I. His guideline range was determined to be 151-188 months, and Judge Mills sentenced him to the minimum of 151 months.
 
 
 4
 Castellanos, acting pro se, filed a motion under 28 U.S.C. Sec. 2255 alleging ineffective assistance of counsel based upon counsel's failure to appeal. Judge Mills denied the petition. This court reversed, and remanded the case to the district court to ascertain if Castellanos had instructed his attorney to file an appeal. See Castellanos v. United States, 26 F.3d 717 (7th Cir.1994). This court stated that if the answer was yes, then Castellanos was to receive the right to appeal his sentence, "as if on direct appeal." Id. at 720. The district court held a hearing and ascertained that Castellanos did in fact instruct his attorney to appeal, but the attorney failed to do so. Castellanos is now before this court on his belated direct appeal.[2] Castellanos raises two issues:
 
 
 5
 1. his sentence is unconstitutional because it was the product of "sentencing entrapment" involving outrageous government conduct which violated his due process rights;
 
 
 6
 2. his sentence is unlawful because of ineffective assistance of counsel at sentencing.
 
 ANALYSIS
 
 7
 a. Sentencing Entrapment
 
 
 8
 Castellanos characterizes his first claim as "sentencing entrapment," although a more fitting allegation would be "sentencing manipulation." "Sentencing manipulation occurs when the government engages in improper conduct that has the effect of increasing the defendant's sentence." United States v. Okey, 47 F.3d 238, 240 (7th Cir.1995).
 
 
 9
 Castellanos maintains the government "ratcheted up" his offense level by refusing to arrange a deal for less than 50 kilograms of cocaine. Castellanos further maintains that he was merely a naive young dupe who was coerced into the deal by the DEA's outrageous conduct, and that he acted merely as an interpreter for Corral-Ibarra. Castellanos also argues that a departure is warranted under the guidelines because he was not reasonably capable of purchasing 50 kilograms of cocaine.[3]
 
 
 10
 As an initial point, we note the doctrine of outrageous government misconduct, as an independent ground for ordering a new trial in a criminal case, is not recognized in this Circuit. United States v. Boyd, 55 F.3d 239, 241 (7th Cir.1995). Further, there is some uncertainty whether "sentencing manipulation" claims are cognizable in this Circuit. See United States v. Muthana, 60 F.3d 1217; 1224-25 (7th Cir.1995) (open question); United States v. Cotts, 14 F.3d 300, 306 n. 2 (7th Cir.1994).
 
 
 11
 However, even if the "sentencing manipulation" doctrine is accepted, the facts of the offense, as summarized in the Presentence Report ("PSR"),[4] do not support Castellanos' claim. Based on several taped telephone conversations, it was established that Castellanos, acting as the front man for Corral-Ibarra, negotiated the purchase of 50 kilograms of cocaine. Although the DEA suggested the 50 kilogram figure, this was after Castellanos made it clear he and his buyer were looking to purchase 300-1000 kilograms a week. The primary reason the initial buy was not for a larger quantity was because the DEA insisted on a cash transaction. Castellanos and Corral-Ibarra made it clear they would be interested in obtaining much larger quantities if they could purchase on credit, and the quantity of cocaine attributed to Castellanos would have been much higher if they had been permitted to do so. That the DEA insisted on a cash transaction actually reduced the amount of cocaine that would be involved in the transaction. Thus, the 50 kilogram figure was not the result of the government engaging in sentencing manipulation.
 
 
 12
 Castellanos' argument that he was not reasonably capable of making such a purchase is also unpersuasive. Castellanos and Corral-Ibarra arrived in a car that contained nearly a half-million dollars in cash hidden in specially designed smuggling compartments. There is no basis for concluding Castellanos lacked the resources to engage in the transaction. Further, even if Castellanos did not have sufficient cash, this court has held that middlemen working under a consignment arrangement may properly have the entire shipment attributed to them for sentencing purposes. Cotts, 14 F.3d at 307.[5]
 
 
 13
 b. Ineffective Assistance
 
 
 14
 Castellanos also argues that counsel was ineffective because he failed to raise the sentencing entrapment argument and to argue for a downward departure for Castellanos' minor/minimal role in the offense pursuant to U.S.S.G. Sec. 3B1.2.
 
 
 15
 To establish ineffective assistance of counsel, the defendant must establish that counsel was deficient ("performance prong") and that the errors were so serious they deprived the defendant of a fair proceeding ("prejudice prong"). Williams v. Washington, 59 F.3d 673, 679 (7th Cir.1995) (citing Strickland v. Washington, 466 U.S. 668 (1984)). A minor adjustment in sentencing level, for example, of two or three steps, would not be enough to establish "prejudice" for purposes of the Strickland test. Durrive v. United States, 4 F.3d 548, 551 (7th Cir.1993).
 
 
 16
 Castellanos' claim fails; he cannot establish prejudice from the alleged attorney errors.[6] As noted above, the "sentencing entrapment" theory is meritless, and attorneys are not required to raise meritless claims. Any argument for a downward departure for Castellanos' role in the offense would be equally meritless. Even were we to accept Castellanos' argument that he was merely a go-between, it would get him nowhere, as such participants in large conspiracies are not necessarily entitled to a downward adjustment under Sec. 3B1.2. See generally United States v. Willis, 49 F.3d 1271, 1275 (7th Cir.1995). Further, the issue is not "whether the defendant committed a minor offense, or caused only minor social injury; the question is whether the defendant's role in the crime of conviction was minor." Willis, 49 F.3d at 1275. Castellanos was the primary negotiator for the transaction and was arrested while attempting to exchange nearly half a million dollars for a large quantity of cocaine. He was clearly not a minor participant in the crime of conviction.[7] See also United States v. Velasquez, No. 93-3107, slip op. at 7 (7th Circuit October 12, 1995) (in drug offenses involving negotiation for a controlled substance, the weight under negotiation shall be used for sentencing purposes if the distribution is not completed).
 
 
 17
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 Herrera played the smallest role in the conspiracy. He was sent to check the quality of the cocaine, which was held by the DEA on a houseboat. He was arrested on the boat
 
 
 [2]
 Counsel was appointed for Castellanos for this appeal. However, Castellanos elected to proceed pro se
 
 
 [3]
 He appears to be relying on U.S.S.G. Sec. 2D1.1, comment. (n. 12), which provides, in relevant portion:
 "However, where the court finds that the defendant did not intend to produce and was not reasonably capable of producing the negotiated amount, the court shall exclude from the guideline calculation the amount it finds the defendant did not intend to produce and was not reasonably capable of producing."
 
 
 [4]
 The facts in the PSR were generated in large measure from the trial of co-conspirators Herrera and Corral-Ibarra. Castellanos did not object to the facts in the PSR in the district court and does not meaningfully dispute them on appeal
 
 
 [5]
 Further, as noted by the government, U.S.S.G. Sec. 2D1.1, comment. (n. 17) does not apply, as there is no evidence the government set an artificially low price to allow the defendant to purchase an unusually large amount of narcotics
 
 
 [6]
 There is also doubt as to whether the performance prong is met, as counsel did move for a downward departure based on the circumstances of the government's reverse buy sting, although on a somewhat different theory than Castellanos suggested. (See Record # 94)
 
 
 [7]
 This court held that co-conspirator Herrera was not entitled to such an adjustment, and his conduct was far more limited than Castellanos'. See Corral-Ibarra, 25 F.3d at 439