106 F.3d 403
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Donald R. BOX, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-3772.
 United States Court of Appeals, Seventh Circuit.
 Submitted Jan. 9, 1997.*
Decided Jan. 9, 1997.
 
 Before POSNER, Chief Judge, and CUMMINGS and PELL, Circuit Judges.
 
 ORDER
 
 1
 Donald Box appeals the denial of his petition for relief pursuant to 28 U.S.C. § 2255. Box pleaded guilty to one count of conspiracy to distribute cocaine and cocaine base and one count of the use of firearms during a drug trafficking offense. On October 12, 1994, the district court sentenced Box to sixteen years imprisonment. Box did not directly appeal either his conviction or sentence. At the same time that it was criminally prosecuting Box, the government was instituting civil forfeiture actions against what were allegedly the proceeds (or purchases with the proceeds) of his drug activities. On July 27, 1993, the government seized drugs, money, weapons, cars and jewelry from Box's residence. The only items in which Box asserted an interest were three pieces of jewelry; he claimed they were not purchased with drug proceeds. The government and Box entered into negotiations, the parties agreed to sell the jewelry and a settlement was reached in April 1995. The district judge then dismissed the civil case.
 
 
 2
 Soon after the above agreement was reached, Box became dissatisfied with the settlement and the outcome of his criminal case. On June 26, 1995, Box filed his § 2255 petition. He claimed that the forfeiture of the three pieces of jewelry constituted punishment so that his subsequent imprisonment resulted in double jeopardy. He also argued that the firearms statute under which he was convicted violated the Second Amendment and was outside Congress' Commerce Clause power. The government responded that Box was precluded from raising any of these arguments in a § 2255 petition because he failed to raise them on direct appeal. The government also argued that Box's claims were without merit. With the permission of the district court, Box amended his petition. In his amended petition and reply brief, Box claimed that his attorney was ineffective because he was unaware of the law of double jeopardy. Box claims that had he been aware of such law, his counsel would have known that it was in Box's interest to file an appeal. While he claims that his attorney was ineffective, in none of his filings in the district court did Box assert that he (Box) instructed his attorney to file an appeal.
 
 
 3
 Generally, the failure to raise an issue on appeal precludes a claimant from raising the issue in a petition for relief pursuant to § 2255. The failure to file an appeal, however, can be excused if the petitioner shows cause for and prejudice from failure to raise an issue on direct appeal. Prewitt v. United States, 83 F.3d 812, 816 (7th Cir.1996). Ineffective assistance of appellate counsel can be the basis of a cause and prejudice showing. Id. Moreover, when a defendant requests his attorney to take an appeal and his attorney fails to do so, counsel is considered to be ineffective per se and the defendant is automatically entitled to have an appellate court review his conviction and/or sentence even without a showing of actual prejudice. Castellanos v. United States, 26 F.3d 717, 719 (7th Cir.1994).
 
 
 4
 In the present case, the district court concluded that Box did not request that his attorney prosecute an appeal. It was properly the role of the district judge to make this determination. Id; United States v. Nagib, 56 F.3d 798, 800 (7th Cir.1995). In making this conclusion, the district court cited the fact that Box never even claimed that he asked his attorney to file an appeal. Whether Box's attorney advised him of his right to appeal or told him of the strengths and weakness of his case is not relevant. See Castellanos, 26 F.3d at 719 ("[T]he Constitution does not require a lawyer to advise the client of the right to an appeal.... and even if ... counsel forget to provide this advice, most defendants know about the possibility of appeal and cannot complain if they are not furnished redundant information."). On appeal, Box claims for the first time that he did request that his attorney file an appeal. In light of the fact that Box did not make this assertion in the district court and, in fact, stated in his initial petition that "[u]pon advice of counsel for defense, I was told there would not be a direct appeal" (thus indicating that he did followed his attorney's advice not to appeal), we agree with the district judge that the evidence indicates that Box did not ask his attorney to file an appeal. Box has cited no other cause for his failure to raise the present issues on direct appeal. Therefore, he has forfeited the claims he now makes in his § 2255 petition.
 
 
 5
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)