107 F.3d 873
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Alan J. MAHAFFEY, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-3554.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 6, 1997.*
Decided Feb. 6, 1997.
 
 Before POSNER, Chief Judge, and KANNE and Diane P. WOOD, Circuit Judges.
 ORDER
 Alan Mahaffey pleaded guilty to one count of conspiring to distribute marijuana. His plea agreement contemplated that in exchange for his ongoing cooperation, the government would recommend various reductions under the Sentencing Guidelines, resulting in a 40-month prison sentence. The district court accepted the plea agreement. While Mahaffey was awaiting sentencing, however, the government moved to withdraw the plea agreement, arguing that he had ceased to cooperate and taken actions which made further cooperation impossible. The district court granted the government's motion. Mahaffey then entered an amended plea agreement and, without the benefit of the reductions under the Guidelines, was sentenced to 60 months' imprisonment. Mahaffey never appealed his sentence. A few days after the sentence was imposed, some $12,000 of Mahaffey's money, seized during the arrest of his co-conspirators, was forfeited in an administrative proceeding conducted by the Drug Enforcement Administration.
 In this motion under 28 U.S.C. § 2255, Mahaffey argues that his role in the conspiracy was uncovered as a result of an illegal search and seizure, and that he was subjected to multiple punishments in violation of the Double Jeopardy Clause when he forfeited property to the government. A voluntary plea of guilty, however, "waives all non-jurisdictional defenses including those constitutional violations not logically inconsistent with the valid establishment of factual guilt." United States v. Nash, 29 F.3d 1195, 1201 (7th Cir.1994). Neither Fourth Amendment nor Double Jeopardy claims provide exceptions to this general rule. See United States v. Broce, 488 U.S. 563, 573-74 (1989). Mahaffey does not claim that his second guilty plea was involuntary. He simply argues that he should receive the benefit of his first plea bargain, namely a forty- rather than sixty-month sentence. Therefore, he has waived his Fourth Amendment and Double Jeopardy claims.
 Mahaffey also argues that his counsel was ineffective at sentencing, and then abandoned him by refusing to appeal because Mahaffey lacked money to pay him. Abandoning a defendant through failure to take an appeal, despite the defendant's request to do so, is per se ineffective assistance of counsel. Castellanos v. United States, 26 F.3d 717, 719 (7th Cir.1994). The government counters that Mahaffey waived his abandonment claim because he failed to develop it sufficiently before the district court. We reject this argument, not only because of the liberality with which we construe pro se pleadings, Haines v. Kerner, 404 U.S. 519, 520 (1972), but because the district court explicitly recognized that Mahaffey was raising a claim of abandonment. The court, however, apparently believed that no abandonment occurred if counsel refused to file an appeal because Mahaffey lacked funds to pay him.[1] That is wrong: "A criminal lawyer may not abandon a client whose funds have run out." Kusay v. United States, 62 F.3d 192, 196 (7th Cir.1995). Counsel must continue representation on appeal, under the terms of the Criminal Justice Act if need be, unless relieved by the court. Id.; Cir.R. 4.
 It is not entirely clear from the district court's order, however, that the court made a specific factual finding that Mahaffey actually instructed his trial counsel to appeal his sentence, and counsel balked because Mahaffey was indigent. Accordingly, we remand for further findings of fact on this issue. If the answer is yes, Mahaffey is entitled to an appellate proceeding on the sentencing issues (though not on his defenses to the underlying offense), as if on direct appeal, with assistance of counsel.
 VACATED and REMANDED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Therefore, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 The district court notes that Mahaffey's argument is not entirely consistent: "Mahaffey replies at one point that he does not know why his attorney failed to appeal. On page 4 of his reply to the United States' answer to his motion, however, he concedes that the failure to appeal was 'probably because I had no more money to give [the attorney] at the time.' The mystery of the non-appeal, therefore, is not nearly so deep as might have been thought." (Order of 8/30/95, at p 5.) The court then concludes, without further discussion, that "Mahaffey's failure to appeal was not the result of ... abandonment of counsel altogether." Id. at p 6