151 F.3d 1034
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Darren L. TUBBS, Petitioner-Appellant,
v.
UNITED STATES OF AMERICA, Respondent-Appellee.
 No. 97-1448.
 United States Court of Appeals, Seventh Circuit.
 Argued August 5, 1998.
Decided Aug. 17, 1998.
 
 Appeal from the United States District Court for the Southern District of Illinois. No. 96-CV-4092, J. Phil Gilbert, Judge.
 Before Hon. WILLIAM J. BAUER, Hon. HARLINGTON WOOD, JR., Hon. FRANK H. EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Darren Tubbs pleaded guilty to conspiracy to distribute and possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846. Tubbs did not bring a direct appeal, but filed a motion under 28 U.S.C. § 2255, claiming that his attorney was ineffective because he failed to file an appeal despite repeated requests that he do so. The district court held an evidentiary hearing and, concluding that Tubbs had failed to demonstrate that he had asked his attorney to file an appeal, denied Tubbs' motion. On appeal, Tubbs argues that the district court erred in finding that he had failed to demonstrate he made the request. Because the district court's conclusion was plausible in light of the record as a whole, we affirm.
 
 BACKGROUND
 
 2
 On Friday, June 16, 1995, the district court sentenced Tubbs to 137 months of imprisonment to be followed by eight years of supervised release. Tubbs alleges that he was never informed, by counsel or anyone else, that a sentence for dealing in "crack" cocaine differs in length from a sentence for dealing in ordinary cocaine base. Tubbs claims that his sentence is unlawful because it is based on the sentencing guideline applicable to dealers in crack cocaine. He claims that the government's own lab report, which he was not aware of when he pleaded guilty, proves that he dealt in cocaine base, but not in crack cocaine. Tubbs claims that his counsel was aware of the lab report, but failed to inform him of it.
 
 
 3
 Tubbs' trial counsel, Richard Green, did not file a direct appeal. In March 1996, Tubbs filed a pro se motion pursuant to 28 U.S.C. § 2255 claiming that he received ineffective assistance of counsel. Tubbs alleged that he asked Green to file an appeal during his sentencing hearing, on the telephone three days later, in a letter that he sent to Green from jail following the phone conversation, and by having his aunt call Green.
 
 
 4
 The district court appointed the Federal Public Defender's Office to represent Tubbs and, in July 1996, held a hearing at which Tubbs and Green testified regarding Green's failure to file an appeal. Tubbs testified that he first told Green he wanted to file an appeal when they were standing in front of the bench during the sentencing hearing. He testified that he also told Green he wanted to talk to him after the hearing, but that Green did not come to talk with him at that or any other time. Tubbs also testified that he instructed Green to file an appeal during a telephone conversation on Monday, June 19, 1995, and in a letter dated June 20, 1995. A photocopy of the purported letter was admitted into evidence and states as follows:
 
 
 5
 Mr. Green,
 
 
 6
 I'm sending this letter in the regards of you filing an appeal on my case. I know that we've already discussed this on the day that I was sentenced (June 16, 1995) and the following [M]onday. But during our conversation on the phone [M]onday it occurred to me that you didn't acknowledge what I had told you on the day I was sentenced. [Y]ou know as well as I do that the judge gave me 10 days to file an appeal on my case. So I hope that you've done what I've requested to you.
 
 Thank you, Darren Tubbs
 
 7
 Tubbs admitted he did not send the letter by registered mail, but asserted that, "on account of being in jail, it's impossible to send something certified." Tubbs offered no other evidence to corroborate his testimony that he sent this purported letter to Green.
 
 
 8
 Finally, Tubbs testified that he had his aunt, Dolly Johnson, telephone Green with the same request to file an appeal. At the evidentiary hearing, Tubbs' new court-appointed attorney requested a short recess in order to attempt to locate Johnson. Counsel informed the court that she had not been able to see Tubbs until the morning of the hearing, apparently implying that she did not know about Tubbs' aunt until that morning. The court denied her request.
 
 
 9
 Green contradicted Tubbs. Green testified that Tubbs never requested that he file an appeal. He testified that he did talk with Tubbs after the sentencing in the U.S. Marshal's holding cell, and that during the meeting he offered his opinion that an appeal would not be successful. Green stated that during this meeting he also explained his reasons for not filing a discovery motion that Tubbs wanted him to file.
 
 
 10
 Green acknowledged that he received a phone call from Tubbs' aunt, but denied that she asked him to file an appeal for Tubbs. With respect to the letter that Tubbs introduced into evidence, Green stated, "I don't recall receiving it, but I don't deny that I did." As for the letter's final sentence, Green construed it as referring to the request that he file a discovery motion.
 
 
 11
 On July 23, 1996, the district court entered a judgment denying Tubbs' § 2255 motion. Several days later, Tubbs' counsel filed a motion for reconsideration, which the district court properly construed as a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e). Included with the motion was an affidavit from Dolly Johnson stating that "after the sentencing hearing of Darren Tubbs on June 16, 1995, [she] placed a telephone call to Mr. Richard Green, Darren's attorney, to advise him that Darren did, in fact, desire to appeal his sentencing."
 
 
 12
 Also included with the motion for reconsideration was a copy of a U.S. Marshal's visitors' sign-in sheet, marked "1995" in the upper left corner. Eighteen dates are listed downward in the left column, with times in and out, visitors' names, purposes of their visits, and persons visited listed similarly in the other columns. The dates listed in the left column are 6/8 (four times), 6/9, 6/12/92 (four times), 6/13/95, 6/15/95 (seven times), and 6/19/95. The date 6/16/95 does not appear on the sheet, nor does Green's name.
 
 
 13
 In a memorandum and order dated January 16,1997, the district court denied the motion for reconsideration. The court stated that Tubbs "should have known prior to the hearing, and apparently did know, that his aunt could be a witness at the hearing. He could have informed his counsel or his aunt of this by mail prior to the hearing."
 
 
 14
 With respect to the U.S. Marshal's sign-in sheet, the district court pointed out that Tubbs had not shown that he was unable to submit the sheet at the evidentiary hearing, and thus declined to allow Tubbs "to take another bite at the apple." Moreover, since Green had not testified that he signed the sign-in sheet, and since there was no evidence that all visitors to the holding cell were required to sign the sheet, the district court concluded that, even if it accepted the sheet as evidence, the sheet "would not change its finding that Green was credible."
 
 ANALYSIS
 
 15
 Tubbs appeals both the district court's denial of his motion for reconsideration and its denial of his § 2255 motion. Cf. Kunik v. Racine County, Wisconsin, 106 F.3d 168, 173 (7th Cir.1997) (the denial of a Rule 59(e) motion is sufficient to bring the underlying judgment before the appellate court).
 
 
 16
 Counsel's failure to file an appeal despite a defendant's request that he do so constitutes ineffective assistance of counsel per se, and the defendant need not show prejudice in order to prevail upon his ineffectiveness claim. Castellanos v. United States, 26 F.3d 717, 718-19 (7th Cir.1994). However, counsel's failure to file an appeal does not automatically result in such a finding; this court grants relief without a showing of prejudice only if the defendant requested that counsel file an appeal and then counsel refused or ignored the request. Id. at 719. Here, Tubbs alleged that he did request that Green file an appeal, and Green contested this allegation. Had the district court agreed with him, Tubbs would have been automatically entitled to an out-of-time appeal of his sentence, regardless of his chances for success. Id.
 
 I. The § 2255 motion
 
 17
 In reviewing the district court's denial of a § 2255 motion, we review all factual determinations for clear error and consider all questions of law de novo. Arango-Alvarez v. United States, 134 F.3d 888, 890 (7th Cir.1998); Granada v. United States, 51 F.3d 82, 83 (7th Cir.1995). We here review the district court's determination of whether an alleged request from Tubbs was received by Green. This is a purely factual determination, and therefore it will be reviewed for clear error. The appropriate standard states that " 'if two permissible views exist, the fact-finder's choice between them cannot be clearly erroneous.' " United States v. Taylor, 72 F.3d 533, 546 (7th Cir.1995) (quoting United States v.. McDonald, 22 F.3d 139, 144 (7th Cir.1994)).
 
 
 18
 With regard to Tubbs' allegation that he made oral requests to Green, the district court found that Green was a more credible witness than Tubbs, and concluded that Tubbs had not "met his burden of proof in showing that there was a definitive request for an appeal." The district court made no explicit finding regarding Tubbs' allegation that he had his aunt contact Green on his behalf, but implicitly this allegation was rejected on the same ground. The district court's conclusion rests on its assessment of the witnesses' respective credibility, and "we will not reassess a district court's credibility determination." United States v. Edwards, 115 F.3d 1322, 1331 (7th Cir.1997).
 
 
 19
 With respect to the letter that Tubbs allegedly sent to Green, the district court again made no explicit finding as to whether the letter was received, but implicitly found that it was not. "We will not review the district court's decision to give certain testimony less weight than other evidence. It is the proper role of the district court to make credibility determinations, and those findings must receive special deference." United States v. Fox, 137 F.3d 527, 531 (7th Cir.1998); Edwards, 115 F.3d at 1331.
 
 II. The motion to reconsider
 
 20
 This court reviews the district court's denial of a Rule 59(e) motion for an abuse of discretion. Britton v. Swift Trans. Co., Inc., 127 F.3d 616, 618 (7th Cir.1997); Carter v. United States, 973 F.2d 1479, 1488 (9th Cir.1992). In reviewing a district court's decision for an abuse of discretion, "we ask whether the decision was within a zone of reasonable responses to the facts." United States v. Gomez, 24 F.3d 924, 926 (7th Cir.1994).
 
 
 21
 "Rule 59(e) allows a party to direct the district court's attention to newly discovered material evidence or a manifest error of law or fact, and enables the court to correct its own errors and thus avoid unnecessary appellate procedures." Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir.1996). However, a party cannot use the rule "to undo its own procedural failures, [or] to introduce new evidence ... that could and should have been presented to the district court prior to the judgment." Id. The district court held that Tubbs should have anticipated the need for his aunt's testimony and informed her and his newly-appointed attorney in advance. We conclude that the district court did not abuse its discretion in determining that the affidavit was not properly-submitted "new evidence" under Rule 59(e).
 
 
 22
 Turning to the U.S. Marshal's sign-in sheet, Green testified that he met with Tubbs in the Marshal's holding cell after the sentencing hearing. Seeking to cast doubt on Green's reliability as a witness, Tubbs produced the sign-in sheet in moving for reconsideration. At no point during the evidentiary hearing, however, did Tubbs' counsel suggest that an attempt be made to locate this document, which was available on the premises. Therefore, the district court also did not abuse its discretion in concluding that the sign-in sheet was not properly submitted "new evidence" under Rule 59(e).
 
 CONCLUSION
 
 23
 The district court did not clearly err in concluding that Tubbs never notified Green that he wished to appeal. Thus, the district court properly denied Tubbs' § 2255 motion. Moreover, the district court did not abuse its discretion in refusing to give weight to the evidence submitted by Tubbs as part of his motion for reconsideration because that evidence should have been produced during the evidentiary hearing. Accordingly, the district court's order is AFFIRMED.