**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted April 8, 2008\*
Decided April 14, 2008

### Before

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

| | |
|---|---|
| **No**.  07-2343 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| TYRONE WILLIAMS, *Petitioner-Appellant*, | |
| **v.** | |
| UNITED STATES OF AMERICA, *Respondent-Appellee*. | No. 04 C 560 Robert W. Gettleman, *Judge*. |

### Order

Our initial decision in this case, 215 F.3d 776 (7th Cir. 2000), affirmed Williams's conviction but remanded for resentencing within the range of 360 months to life. The district court chose 360 months, the lowest available. Williams did not appeal.

---

\* This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

In this collateral proceeding under 28 U.S.C. §2255, Williams accuses his lawyer of ineffective assistance for failing to appeal at his request. The district court denied relief without an evidentiary hearing, ruling that an appeal would have been pointless. In this court the United States has confessed error, and properly so. The district judge may well be right that an appeal would have been pointless, but under *Anders v. California*, 386 U.S. 264 (1967), the decision whether a given appeal is frivolous is made by the court of appeals, not the defense lawyer or the district judge. That's why the Supreme Court held in *Roe v. Flores-Ortega*, 528 U.S. 470, 483 (2000), that failure to take an appeal at a defendant's timely request is ineffective assistance without regard to the district judge's assessment of prejudice (or lack thereof) caused by the omission. See also *Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994).

It remains to be determined whether Williams asked his lawyer to file a notice of appeal. The judgment of the district court is vacated, and the case is remanded for an evidentiary hearing devoted to that question. If Williams told his lawyer to file a notice of appeal, then a new judgment must be entered from which an appeal may be filed.