**Ritchie H. DUMER, Petitioner,**

v.

**Gerald BERGE, Respondent.**

No. 97–C–61.

United States District Court,
E.D. Wisconsin.

Aug. 25, 1997.

Ritchie Dumer, Fox Lake, WI, pro se.

James Friemuth, Asst. Atty. Gen., Madison, WI, for Gerald Berge.

## DECISION and ORDER

**MYRON L. GORDON, District Judge.**

Ritchie H. Dumer has filed a pro se "Petition for a Writ of Habeas Corpus" pursuant to 28 U.S.C. § 2254 in which he challenges the constitutionality of his August 6, 1985, conviction of two counts of attempted second degree sexual assault, two counts of false imprisonment, and two counts of battery. The petitioner is presently serving a 37½ year sentence for these offenses. The petition will be granted and the writ issued.

By decision and order of February 18, 1997, this court determined that the petition survived preliminary review under Rule 4, Rules Governing Section 2254 Cases, and directed the respondent to answer or otherwise respond to the petition. After receiving the respondent's answer, a scheduling order was entered which directed the parties to file their respective briefs on the issues raised in the petition. The issues are now fully briefed.

## I. PROCEDURAL BACKGROUND

A criminal complaint was filed against the petitioner on February 7, 1985, in the circuit court for Dane County. Pursuant to the complaint, Mr. Dumer was charged with seven crimes involving two different victims. The charges in the complaint were as follows: (1) second degree sexual assault, contrary to Wis. Stats. § 940.225(2)(a) (1985–86), based upon the allegation that at approximately 12:45, a.m. on February 5, 1985, the petitioner had nonconsensual sexual contact with Jessica P. by use of force and violence when he fondled her buttocks after he dragged her outside the lobby of an apartment building located on Langdon Street in Madison; (2) false imprisonment, contrary to Wis. Stats. § 940.30 (1985–86), based upon the allegation that on February 5, 1985, the petitioner intentionally restrained Jessica P. without her consent and with knowledge that he lacked the authority to do so; (3) battery contrary to Wis. Stats. § 940.19(1), based on the allegation that during the events recited above, petitioner repeatedly slapped Jessica P. in the face with an open hand, bruising her face and causing pain to her jaw; (4) attempted second degree sexual assault contrary to Wis. Stats. §§ 940.225(2)(a) and 939.32(1) (1985–86), based upon the allegation that at approximately 1:00 a.m. on February 5, 1985, shortly after the alleged sexual assault

of Jessica P., the petitioner attempted to have nonconsensual sexual contact with Lauren O. by use of threat of force and violence when he grabbed the victim around her neck as she was walking near Elizabeth Waters dormitory on the University of Wisconsin campus in Madison, dragged her down a hill into a wooded area, punched her in the nose and threatened to kill her if she did not do as he demanded; (5) false imprisonment contrary to Wis. Stats. § 940.30 (1985–86), based upon an allegation that the petitioner intentionally restrained Lauren O., without her consent and with knowledge that he lacked authority to do so, during the events of February 5, 1985, as outlined in (4) above; (6) threatening injury contrary to Wis. Stats. § 943.30 (1985–86), based upon an allegation that petitioner intentionally restrained Lauren O. without her consent and with knowledge that he lacked authority to do so during the events of February 5, 1985; and (7) battery contrary to Wis. Stats. § 940.19(1) (1985–86), based upon an allegation that during the events outlined in (4) above the petitioner punched Lauren O., breaking her nose. In addition, each of the seven charges was accompanied by a repeater allegation pursuant to Wis. Stats. § 939.62(1)(b) (1985–86).

Petitioner waived a preliminary examination on February 14, 1985. On February 21, 1985, the state filed a six-count information which dropped count six of the complaint—the charge of threatening injury to Lauren O.—and reduced count one of the complaint from second degree sexual assault of Jessica P. to attempted second degree sexual assault under Wis. Stats. §§ 940.225(2)(a) and 939.32 (1985–86). A pretrial hearing was held on June 7, 1985, at which time petitioner's trial counsel stated that the reduction of charges set forth in the information reflected a plea agreement between the parties pursuant to which the petitioner was pleading no-contest to the six counts of the information. After engaging in a colloquy with the petitioner about his plea, state circuit court Judge Mark A. Frankel accepted the petitioner's no-contest pleas. Judgment of conviction was entered on August 6, 1985, at which time Judge Frankel sentenced petitioner to prison terms totaling 37½ years, to operate consecutively to an existing sentence.

The petitioner did not file a direct appeal of his conviction under Wis. Stats. § 809.30 (1985–86). However, he did file a pro se motion in the state trial court on August 23, 1993, in which he sought to withdraw his no-contest pleas. He supplemented that motion on September 23, 1993. This collateral proceeding was construed by the state trial court as a motion for post-conviction relief under Wis. Stats. § 974.06 (1993–94). In his state post-conviction motion, Mr. Dumer sought withdrawal of his no-contest pleas on two grounds: (1) he was denied the effective assistance of counsel because his trial attorney did not adequately investigate prior to the plea hearing and withheld exculpatory evidence from Mr. Dumer; and (2) his pleas were not knowingly and voluntarily made.

After conducting an evidentiary hearing on October 18, 1993, and October 26, 1993, Judge Frankel denied the motion on the record; a formal order to this effect was entered on October 29, 1993.

The petitioner filed an appeal from the denial of his post-conviction motion. In addition to seeking review of the two claims presented to Judge Frankel, the petitioner argued that he should also be allowed to withdraw his pleas because his appellate counsel was ineffective in that he failed to file a direct appeal of his conviction or file a "no merit" brief. On August 10, 1995, the Wisconsin court of appeals affirmed Judge Frankel's order denying the petitioner's motion for post-conviction relief and rejected the petitioner's claim that he had received ineffective assistance of appellate counsel. On October 17, 1995, the Wisconsin supreme court denied review.

In the instant petition for a writ of habeas corpus, Mr. Dumer challenges the constitutionality of his confinement on three grounds: (1) his conviction was obtained by a plea of no-contest which was not knowingly and voluntarily made; (2) he was denied the right to appeal due to appellate counsel's ineffectiveness; and (3) he was denied the effective assistance of trial counsel when his attorney entered into a plea agreement without his knowledge and when his attorney "failed to

investigate potential exculpatory evidence or eyewitnesses."

## II. ANALYSIS

Under 28 U.S.C. § 2254(a), "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Moreover, § 2254(b)(1)(A) requires that the petitioner demonstrate that he "has exhausted the remedies available in the courts of the State." It is undisputed that all three of the claims advanced by Mr. Dumer have been exhausted as each of the claims has been presented to the highest state court for a ruling on the merits. *United States ex rel. Simmons v. Gramley*, 915 F.2d 1128, 1131–32 (7th Cir. 1990).

Each of the claims presented in Mr. Dumer's petition has been adjudicated on the merits in state court. In such situations, "a writ of habeas corpus . . . shall not be granted . . . unless the adjudication of the claim"—

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Further, 28 U.S.C. § 2254(e)(1), accords factual determinations by the state court a presumption of correctness which can only be rebutted by clear and convincing evidence.

### A. Due Process Challenge to the No–Contest Pleas

Mr. Dumer argues that he should be allowed to withdraw his pleas of no-contest and proceed to trial because such pleas were made without an adequate understanding of the nature of the charges to which he was pleading as required under the due process clause of the Fourteenth Amendment. As noted previously in this decision, the Wiscon-

sin trial court and the Wisconsin appellate court each rejected this claim on its merits, and the state supreme court denied review. The respondent argues that this court should reject this claim because the petitioner has not demonstrated that the state's adjudication was (1) contrary to or an unreasonable application of clearly established United States Supreme Court precedent, 28 U.S.C. § 2254(d)(1), or (2) based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings, 28 U.S.C. § 2254(d)(2).

According to United States Supreme Court precedent, a defendant's plea of guilty or no-contest must be made knowingly, voluntarily and intelligently, with an understanding of the nature of the charges, the direct consequences of the plea and the trial rights being surrendered. *McCarthy v. United States*, 394 U.S. 459, 466, 89 S.Ct. 1166, 1170–71, 22 L.Ed.2d 418 (1969); *Boykin v. Alabama*, 395 U.S. 238, 242–44, 89 S.Ct. 1709, 1711–13, 23 L.Ed.2d 274 (1969). A defendant is said to have an understanding of the nature of the charges when he "possesses an understanding of the law in relation to the facts." *McCarthy*, 394 U.S. at 466, 89 S.Ct. at 1171. *See also Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 1468–69, 25 L.Ed.2d 747 (1970). In determining the voluntariness of a plea, a court may examine the totality of the circumstances to determine whether the substance of the charge was conveyed to the accused. *Henderson v. Morgan*, 426 U.S. 637, 644, 96 S.Ct. 2253, 2257, 49 L.Ed.2d 108 (1976). The United States Supreme Court has observed:

Normally the record contains either an explanation of the charge by the trial judge, or at least a representation by defense counsel that the nature of the offense has been explained to the accused. Moreover, even without such an express representation, it may be appropriate to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit.

*Id.* at 647, 96 S.Ct. at 2258.

In this case, the Wisconsin court of appeals stated the relevant law as follows:

the trial court will "address the defendant personally and determine that the plea is made voluntarily with understanding of the nature of the charge and the potential punishment if convicted." Section 971.08(1)(a); *see also Ernst v. State*, 43 Wis.2d 661, 674, 170 N.W.2d 713, 719 (1969), *modified in part on other grounds, State v. Bangert*, 131 Wis.2d 246, 389 N.W.2d 12 (1986). The court should "ascertain, at the plea hearing itself, whether the defendant had an adequate understanding of the crimes charged." *State v. Harvey*, 139 Wis.2d 353, 381, 407 N.W.2d 235, 247 (1987). The court, however, is "not precluded from examining the entire record to aid in that determination." *Id.*

*State of Wisconsin v. Dumer*, No. 93–2910, 1995 WL 470120 (Ct.App. August 10, 1995); (Answer, Ex. A, p. 8.) The Wisconsin appellate court's recitation of the law is consistent with United States Supreme Court precedent.

In resolving the merits of the petitioner's claim regarding the withdrawal of his no-contest pleas, the Wisconsin court of appeals made the following factual findings:

> Dumer received a copy of the criminal complaint at his initial appearance.[ ] The complaint set forth the elements of the crimes facing Dumer and the factual underpinnings for the charges.[ ] In his post-conviction testimony, Dumer's trial counsel testified that he had discussed the complaint's factual allegations, and their legal import, with Dumer. While Dumer denies any such discussions occurred, the trial court accepted counsel's testimony as credible. We conclude that the record as a whole shows that Dumer understood the nature of the charges against him when he entered his no contest pleas.

*State of Wisconsin v. Dumer*, No. 93–2910, 1995 WL 470120 (Ct.App. August 10, 1995); (Answer, Ex. A, p. 9.) Based on the controlling case law and its factual findings, the Wisconsin court of appeals concluded that Mr. Dumer understood the nature of the crimes charged when he entered his no-contest pleas and that the trial court properly established a factual basis for the pleas.

In my opinion, the Wisconsin court of appeal's adjudication of the petitioner's involuntary plea claim is consistent with United States Supreme Court precedent and reasonable in view of the facts of this case. Mr. Dumer complains in his petition that the circumstances surrounding his plea were constitutionally deficient because the state trial court failed to place on the record of the plea hearing either the "nature" of each charge or its legal elements. Mr. Dumer's argument rests on the erroneous premise that United States Supreme Court case law requires a reviewing court to look only at the plea colloquy itself in determining whether the substance of the charge was conveyed to the accused. As stated previously in this decision, in making a determination as to the voluntariness and intelligence of the plea, reviewing courts are to examine the totality of the circumstances. *Henderson*, 426 U.S. at 644 and 647, 96 S.Ct. at 2257 and 2258–59. This is exactly what the state trial court and the Wisconsin court of appeals did.

Thus, Mr. Dumer has failed to demonstrate that the Wisconsin court of appeal's adjudication of his due process claim was contrary to or an unreasonable application of federal law as established by the United States Supreme Court. 28 U.S.C. § 2254(d)(1).

Mr. Dumer also fails under the second prong of § 2254(d). The only evidence offered by the petitioner to contest the state courts' findings is his unsubstantiated personal statements that he was not afforded the opportunity to hear the complaint read at any of the pretrial hearings and he never received a complaint. These statements are directly contrary to his counsel's testimony that he discussed the charges and the complaint with Mr. Dumer. Moreover, this court is bound by the state courts' finding that counsel's testimony was more credible than Mr. Dumer's in the absence of any cogent evidence to the contrary. *Marshall v. Longberger*, 459 U.S. 422, 103 S.Ct. 843, 74 L.Ed.2d 646 (1983) (§ 2254(d)'s [now § 2254(e) ] presumption of correctness required federal habeas court to accept state court's factual findings on the issue of credibility). Accordingly, the petitioner has failed

to demonstrate that the Wisconsin court of appeal's rejection of his due process claim involved an unreasonable determination of the facts. 28 U.S.C. § 2254(d)(2).

## B. Ineffective Assistance of _Trial_ Counsel

■ The petitioner also seeks a writ of habeas corpus allowing him to withdraw his pleas on the ground that he received ineffective assistance of trial counsel under the Sixth and Fourteenth Amendments. He faults his trial counsel for two alleged omissions which occurred prior to his entering into a plea agreement with the state. First, he alleges that trial counsel "failed to investigate witnesses and potentially exculpatory evidence" (Petitioner's Brief at 16–21). Specifically, the petitioner argues, as he did before the state trial court and the Wisconsin court of appeals, that he would not have pled no-contest to the three charges involving the assault against Jessica P. but for his counsel's alleged failure to provide him with copies of police reports indicating that Jessica P. could not positively identify him as the assailant. The second complaint that the petitioner has with his counsel's performance is that counsel "failed to communicate proffered [sic] plea agreement to [him]" (Petitioner's Brief at 21–24).

■ The well-established two-part test of _Strickland v. Washington_, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984), applies to challenges to guilty or no-contest pleas based upon alleged ineffective assistance of counsel. _Hill v. Lockhart_, 474 U.S. 52, 58, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985); _North Carolina v. Alford_, 400 U.S. 25, 35 & n. 8, 91 S.Ct. 160, 166 & n. 8, 27 L.Ed.2d 162 (1970). Under the _Strickland_ test, a defendant alleging ineffective assistance of counsel must demonstrate _both_ that (1) defense counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. _Strickland_, 466 U.S. at 687, 104 S.Ct. at 2064. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." _Id._ Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." _Id._ at

690, 104 S.Ct. at 2066. The success of a claim that counsel did not fully investigate or discover exculpatory evidence "will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial." _Hill_, 474 U.S. at 59, 106 S.Ct. at 370.

When addressing the petitioner's ineffective assistance arguments, the Wisconsin court of appeals determined that counsel's performance was not deficient. As to the claim that trial counsel did not fully investigate, the Wisconsin court of appeals stated:

> Dumer has not shown the necessary prejudice. Trial counsel testified that he felt that Jessica's inability to positively identify Dumer was not compelling in light of Dickinson's identification of Dumer as her assailant. Dumer's car matched the description of the car seen leaving the Langdon Street incident. Counsel testified that he discussed the strength of the State's case with Dumer, and suggested to Dumer that the fact that he was caught virtually "red-handed" minimized the prospects of a successful defense on both incidents. Even if we assume that counsel was not aware of Jessica's non-identification or that he did not tell Dumer of the evidence, it is not likely that disclosure of the evidence "would have led counsel to change his recommendation" that Dumer accept the proposed plea agreement.

I find no United States Supreme Court authority, nor has the petitioner identified any, indicating that trial counsel's performance is deemed to be deficient where he or she recommends that the defendant plead no-contest (or not guilty) to the charges where there was compelling evidence of the defendant's guilt _and_ evidence that the victim could not positively identify the assailant.

The petitioner argues that the Wisconsin court of appeals did not apply the _Hill_ standard of prejudice which requires that the defendant merely show a "reasonable probability" that he would not have pled guilty and would have insisted on going to trial. I disagree. The Wisconsin court of appeals'

conclusion that "Jessica's non-identification *likely* would not have affected the outcome of a trial in light of the other evidence implicating Dumer in the assaults" (emphasis added) is substantially consistent with the "reasonable probability" standard set forth in *Hill*, 474 U.S. at 59, 106 S.Ct. at 370–71.

In addition, I find that the petitioner's claim that his trial counsel failed to investigate fares no better under § 2254(d)(2). The only factual determination challenged by the petitioner is the state appellate court's conclusion that the petitioner's testimony that he would not have pled no-contest had he known about the alleged non-identification by Jessica was not credible. The petitioner's self-serving assertions that the court wrongly decided this issue is hardly the type of compelling evidence necessary to rebut the presumption of correctness to which the Wisconsin court of appeals' factual findings are entitled.

Mr. Dumer also contends that trial counsel was constitutionally deficient for failing to inform him that his no-contest pleas were part of a plea agreement. With respect to this claim, the Wisconsin court of appeals determined that the record belied his assertion. Specifically, the Wisconsin court of appeals found that the following facts undercut Mr. Dumer's assertion that he was confused and unaware of a plea agreement. Initially, Mr. Dumer faced a maximum of 62 years under seven charges contained in the complaint. The petitioner waived his right to a preliminary hearing after counsel stated on the record that plea negotiations were ongoing. The information which was subsequently filed against the petitioner identified only *six* charges and a maximum penalty of 44 years. During the plea hearing on June 7, 1985, defense counsel informed the court that, in exchange for Mr. Dumer's previous waiver of the preliminary examination, the state had filed the information which dropped one count and amended another to an "attempt" charge. The petitioner was present during the plea hearing and assured the court that he understood the plea proceedings and had no questions. Shortly after his attorney's statements regarding the plea agreement, the petitioner entered his no-contest pleas.

The petitioner has pointed to nothing in the record to suggest that the findings recited above were unreasonable in light of the evidence presented in the state court proceedings. Rather, Mr. Dumer merely restates the arguments which were found inadequate by the state courts as if he were entitled to de novo review of his claims. Furthermore, my independent review of the record demonstrates that all of the factual findings recited by the Wisconsin court of appeals were amply supported by the evidence in the record. The evidence in the record does not support Mr. Dumer's contention that his trial attorney failed to advise him that his no-contest pleas were part of a plea agreement. Accordingly, the petitioner is not entitled to a writ of habeas corpus with respect to his ineffective assistance of trial counsel claim.

## C. *Ineffective Assistance of Appellate Counsel*

The petitioner's most cogent challenge to his current confinement relates to the alleged ineffective representation he received from his appointed appellate counsel—Attorney Milton D. Rosenberg. The petitioner contends that Mr. Rosenberg failed to file a direct appeal or a "no merit" brief as prescribed in *Anders v. California*, 386 U.S. (1967), despite the petitioner's claim that he requested Mr. Rosenberg to pursue a direct appeal. Mr. Dumer asserts that he wished to pursue a direct appeal in order to seek withdrawal of his no-contest pleas.

This claim was presented for the first time to the Wisconsin court of appeals as part of the petitioner's appeal from the denial of his post-conviction motion under § 974.06. In responding to the petitioner's argument in the state collateral proceedings, the state urged that the claim was procedurally barred and lacked merit. Without discussing the procedural issue, the Wisconsin court of appeals rejected the claim on its merits. The state appellate court acknowledged that it "assumed" that Mr. Dumer had been denied the right to a direct appeal and stated:

For purposes of this discussion, we assume that Dumer's appointed counsel acted improperly by not filing either a no merit report or a postconviction motion to withdraw the no contest pleas. We decline, however, to order any further proceedings under *[State v.] Knight,* [168 Wis.2d 509, 484 N.W.2d 540 (1992)] because Dumer cannot show prejudice from counsel's actions. See *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064 (to succeed on a claim of ineffective assistance of counsel, a defendant must show both that counsel's performance was deficient and that the performance was prejudicial).

*State of Wisconsin v. Dumer,* No. 93–2910, 1995 WL 470120 (Ct.App. August 10, 1995).

 The equal protection clause and the due process clause of the Fourteenth Amendment both guarantee an indigent defendant the right to counsel on direct appeal from a state conviction. *Douglas v. California,* 372 U.S. 353, 356–57, 83 S.Ct. 814, 816–17, 9 L.Ed.2d 811 (1963) (equal protection); *Evitts v. Lucey,* 469 U.S. 387, 396, 105 S.Ct. 830, 836, 83 L.Ed.2d 821 (1985) (due process). Failure on the part of appellate counsel to take an appeal despite the defendant's request is ineffective assistance of counsel as a matter of law—without regard to the probability of success. *Penson v. Ohio,* 488 U.S. 75, 88, 109 S.Ct. 346, 354, 102 L.Ed.2d 300 (1988). Thus, the "prejudice" component of the *Strickland* test is presumed where a convicted defendant has been denied the opportunity to pursue a first appeal as of right due to errors on the part of appointed counsel. *Id.; Castellanos v. United States,* 26 F.3d 717, 718–719 (7th Cir.1994) (analyzing *Penson* decision).

In the instant action, the Wisconsin court of appeals resolved petitioner's claim of ineffective assistance of appellate counsel without holding an evidentiary hearing on the issue of whether the omission on the part of his attorney deprived Mr. Dumer of an important constitutional protection. The state appellate court, in addressing Mr. Dumer's ineffective assistance of counsel claim, simply "assumed" it to be a true fact that Mr. Rosenberg failed to file a direct appeal or no merit brief to obtain appellate review. In

the instant federal habeas corpus, action, the respondent has not challenged that assumption by argument or evidence. Accordingly, the factual finding that Mr. Rosenberg failed to pursue a direct appeal is entitled in this court to a presumption of correctness under 28 U.S.C. § 2254(e)(1).

 In my opinion, the determination by the Wisconsin court of appeals that the petitioner cannot show "prejudice" from Mr. Rosenberg's failure either to pursue a direct appeal or to file a "no merit" brief is squarely at odds with the requirement mandated by the United States Supreme Court in *Penson,* 488 U.S. at 88, 109 S.Ct. at 354; the clear import of that case is that prejudice is presumed in such circumstances.

The respondent recognizes that the state appellate court's resolution of Mr. Dumer's ineffective assistance of appellate counsel claim is contrary to the Supreme Court's decision in *Penson.* However, the respondent argues that this court should not grant Mr. Dumer's petition for a writ of habeas corpus because the petitioner has already received the remedy appropriate for the loss of a direct appeal (i.e., judicial review of his plea withdrawal claims) even though such claims were submitted without the benefit of counsel.

While it is true that the state trial court and appellate court have each reviewed and rejected numerous claims concerning the petitioner's no-contest pleas, this district court may not deny federal habeas corpus relief under 28 U.S.C. § 2254(d) when the petitioner's unsuccessful arguments were made without the assistance of counsel. In *Castellanos,* 26 F.3d at 718–19, the court of appeals for the seventh circuit held that the district court's denial of a habeas corpus petition was improper where the trial court based its ruling on its belief that the petitioners had little chance of victory on their ineffective assistance of counsel claims under the "prejudice" component of *Strickland.* As the United States Supreme Court stated in *Penson,* "Because the fundamental importance of the assistance of counsel does not cease as the prosecutorial process moves from the trial to the appellate stage, ... the presumption of prejudice must extend to the denial of coun-

sel on appeal." *Penson,* 488 U.S. at 88, 109 S.Ct. at 354.

The respondent urges that this court should reject Mr. Dumer's petition for a writ of habeas corpus because Mr. Dumer received the informal assistance of counsel in presenting his plea withdrawal claims to the Wisconsin courts via his motion for collateral relief under § 974.06. The record shows that Attorney Gregory Dutch was appointed to represent Mr. Dumer six months before the petitioner filed his § 974.06 motion for postconviction relief. However, inexplicably, Mr. Dumer appeared pro se in the postconviction proceedings. Because the record is unclear as to the full extent of Mr. Dutch's participation in those collateral proceedings, I am unable to conclude that Mr. Dutch's assistance establishes that the petitioner has received the functional equivalent of the remedy to which he is entitled—a new direct appeal with the assistance of counsel.

■ As a final matter, the respondent suggests that the petitioner may have waived his right to a direct appeal under state law because of two independent procedural defaults. The record, while not entirely clear on these issues, contains some evidence which arguably supports his assertion. However, as correctly noted by the respondent himself, the fact that the Wisconsin court of appeals reached the merits of the petitioner's denial of direct appeal claim precludes the respondent and this court from relying on a state procedural bar to defeat Mr. Dumer's claim for federal habeas corpus relief. *Ylst v. Nunnemaker,* 501 U.S. 797, 801–03, 111 S.Ct. 2590, 2593–95, 115 L.Ed.2d 706 (1991).

In sum, I find that the Wisconsin court of appeals' decision with respect to the petitioner's ineffective assistance of appellate counsel claim was erroneous under *Penson. Penson* was decided in 1988, some seven years before the state appellate court rejected Mr. Dumer's petition; however, the state court made no reference to *Penson.* Mr. Dumer's petition for a writ of habeas corpus will be granted since the ruling of the Wisconsin court of appeals "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d).

The appropriate remedy where it is found that appellate counsel failed to perfect an appeal even though the client instructed him to do so is for the court to issue a conditional writ of habeas corpus which directs the petitioner to be released unless he receives, within a reasonable time period, the right to an appellate proceeding, as if on direct appeal, with the assistance of counsel. *Castellanos,* at 720. Accordingly, I will issue a conditional writ directing Mr. Dumer's release from the conviction challenged by the petitioner unless, within 60 days from the date of this decision and order, the state provides Mr. Dumer an appellate proceeding, as if on direct appeal, with the assistance of counsel.

Therefore, IT IS ORDERED that Mr. Dumer's petition for a writ of habeas corpus be and hereby is granted.

IT IS ALSO ORDERED that the state be and hereby is directed to release Mr. Dumer from the conviction challenged by the petitioner unless, within 60 days of the date of this decision and order, it provides Mr. Dumer an appellate proceeding, as if on direct appeal, with the assistance of counsel.