151 F.3d 1033
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Kevin E. SCHMUDE, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 98-1045.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 4, 1998.
Decided July 9, 1998*.
 
 Appeal from the United States District Court for the Eastern District of Wisconsin. No. 98 C 444. J.P. Stadtmueller, Chief Judge.
 Before Hon. RICHARD D. CUDAHY, Hon. JOEL M. FLAUM, Hon. MICHAEL S. KANNE, Circuit Judges.
 
 ORDER
 The following are before the court:
 
 1
 1. Appellant's brief on appeal from the denial by the district court of his section 2255 motion to vacate, set aside, or correct his sentence, and from the denial of leave to proceed in forma pauperis, filed on March 13, 1998, by appellant pro se.
 
 
 2
 2. Appellee's response brief, filed on April 22, 1998, by the United States Attorney's Office, Eastern District of Wisconsin.
 
 
 3
 3. Appellant's motion for appointment of counsel on appeal, filed on January 7, 1998, by appellant pro se.
 
 
 4
 4. Appellant's motion for summary reversal, filed on June 4, 1998, by appellant pro se.
 
 
 5
 On July 31, 1995, Kevin Schmude pleaded guilty to one count of being a felon in possession of a firearm and was sentenced to a term of eighty-eight months imprisonment. See 18 U.S.C. §§ 922(g)(1), 924(a)(2). Following his conviction, Mr. Schmude was taken into custody and transported to the federal facility in Atlanta, where he apparently arrived on or about August 11, 1995.
 
 
 6
 Once in Atlanta, the defendant contacted a local attorney who, in turn, contacted Mr. Schmude's attorney of record, Mr. Steven Kohn of Milwaukee, Wisconsin. The Atlanta attorney relayed Mr. Schmude's request that Mr. Kohn file a notice of appeal from the conviction. A letter from Mr. Kohn to the defendant acknowledging the communication is included in Mr. Schmude's brief on appeal; also included in the brief is an affidavit in which Mr. Schmude's grandfather avers that he called Mr. Kohn's office "[o]n numerous occasions between August 2, 1995 and August 7, 1995," to request that Mr. Kohn file a notice of appeal on Mr. Schmude's behalf. Mr. Schmude's grandfather contends that he was unable to speak with Mr. Kohn directly, and Mr. Kohn's August 11 letter to Mr. Schmude does not contradict the averment: instead, it reveals that Mr. Schmude "ha[d] not contacted me or my office directly since you were sentenced." Mr. Kohn's letter concluded that he saw no meritorious issues to be raised on appeal, and further conveyed his belief that a notice of appeal filed on August 11 would be untimely. He nevertheless invited his client to call him at his office "on August 17, 1995, at 1:00 P.M.," if he further desired to discuss the matter.
 
 
 7
 Mr. Kohn did not file the notice of appeal. Mr. Schmude then filed a section 2255 motion to vacate, set aside, or correct his sentence. See 28 U.S.C. § 2255. In his motion, Mr. Schmude raised three issues: 1) that his attorney rendered ineffective assistance by failing to file a notice of appeal; 2) that the court erred in calculating his base offense level; and 3) his prior convictions should not have been considered by the sentencing court because his civil rights had been restored under state law. The district court concluded, however, that Mr. Kohn's representation of his client was not constitutionally ineffective, in part because "the ten-day deadline for filing a notice of appeal had passed" by August 11, the date on which Mr. Kohn acknowledged his awareness that his client intended to appeal. The court concluded that Mr. Schmude had procedurally defaulted on the remainder of his claims because he had failed to appeal his conviction. Nevertheless, the court proceeded to assess and reject on the merits these remaining arguments, thereby "bolster[ing]" its determination that counsel's performance was not constitutionally ineffective under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), "as it appears that [the defendant] did not suffer any prejudice from counsel's alleged error ." On July 30, 1997, the district court summarily denied and dismissed the defendant's section 2255 motion, as well as his motion to proceed in forma pauperis. The district court did, however, grant Mr. Schmude a certificate of appealability on the sole question of whether counsel had rendered ineffective assistance.
 
 
 8
 On appeal, the government confesses error, contending that Mr. Schmude's attorney was mistaken in his belief that a notice of appeal filed on August 11, 1998, would have been untimely. The government concludes that Mr. Schmude has made a showing of ineffective assistance sufficient to warrant an evidentiary hearing on the matter. Following the government's concession, Mr. Schmude filed a motion for summary reversal of the district court's order of July 30, 1997. He requests that this court vacate his sentence in order to permit him to file a direct appeal.
 
 
 9
 Confessions of error on the part of the government are accorded great weight, but they do not relieve a reviewing court of the its burden to perform its judicial function. See Sibron v. New York, 392 U.S. 40, 58-59 (1968). "[T]he proper administration of the criminal law cannot be left merely to the stipulation of the parties ." Id. (internal quotation and citation omitted). When considering a district court's grant or denial of a section 2255 petition, its factual determinations are reviewed for clear error. See Stoia v. United States, 22 F.3d 766, 768 (7th Cir.1994). Whether counsel has rendered constitutionally ineffective assistance, however, is a mixed question of law and fact and is reviewed de novo, see Strickland, 466 U.S. at 698, and where a section 2255 petitioner alleges facts sufficient to establish a prima facie case of ineffective representation, he is entitled to an evidentiary hearing to address the question, see Stoia, 22 F.3d at 768. Furthermore, where the district court determines that an evidentiary hearing is required, Rule 8(c) of the Rules Governing Section 2255 Proceedings directs the district court to appoint counsel for qualified petitioners. See Rauter v. United States, 871 F.2d 693, 695 (7th Cir.1989).
 
 
 10
 In this case, Mr. Schmude has indeed alleged facts sufficient to set out a prima facie case of ineffective assistance of counsel. A review of the district court's docket sheet reveals that the court did not enter judgment in Mr. Schmude's case until August 1, 1995. Pursuant to Rule 4(b) of the Federal Rules of Appellate Procedure, the defendant had ten days, or until August 11, 1995, in which to file his notice of appeal, since under Rule 26(a), "[i]n computing any period of time prescribed ... by these rules ... the day of the act [or] event ... from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included," subject to certain exceptions not relevant here. Had Mr. Kohn contacted the district court on August 11, 1995, either to attempt to file a notice of appeal or to assure himself and his client that an such appeal would have been untimely, Mr. Kohn would have discovered his error.
 
 
 11
 This court explained in Castellanos v. United States, 26 F.3d 717 (7th Cir.1994), an understanding reaffirmed in United States v. Nagib, 56 F.3d 798 (7th Cir.1995), that "[i]f the defendant told his lawyer to appeal, and the lawyer dropped the ball, then the defendant has been deprived, not of effective assistance of counsel, but of any assistance of counsel on appeal. Abandonment is a per se violation of the [S]ixth [A]mendment." Castellanos, 26 F.3d at 718 (citing United States v. Cronic, 466 U.S. 648, 658-59, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984)); see also Nagib, 56 F.3d at 801. Furthermore, because the failure to file a requested appeal constitutes per se ineffectiveness, a petitioner need not demonstrate prejudice, that is, that his attorney's failure to file the requested notice "jeopardiz[es] a substantial prospect of success on appeal." Castellanos, 26 F.3d at 718. If, as Mr. Schmude's attorney stated in his letter of August 11, he were of the opinion that there were no issues of merit to be raised, the proper course would have been to file the notice of appeal and then to submit an Anders brief along with a motion for leave to withdraw as counsel of record. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); see also Castellanos, 26 F.3d at 718-19. It would appear, based on the record before this court, that Mr. Kohn did little on August 11, 1995, other than to abandon his client.
 
 Accordingly, IT IS ORDERED that:
 
 12
 1. Appellant is hereby GRANTED leave to proceed in forma pauperis before this court.
 
 
 13
 2. The district court's order of July 30, 1997, dismissing Mr. Schmude's section 2255 petition is hereby VACATED, and the case is REMANDED to the district court for further proceedings consistent with this order.
 
 
 14
 3. Appellant's motion for appointment of counsel on appeal is DENIED AS MOOT.
 
 
 15
 4. Appellant's motion for summary reversal of the district court's order is DENIED AS MOOT.
 
 
 16
 SO ORDERED.
 
 
 
 *
 This appeal has been submitted to the original panel under Internal Operating Procedure 6(b). After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed. R.App. P. 34(a); Cir. R. 34(f)