In the
United States Court of Appeals
For the Seventh Circuit

No. 99-2304

United States of America,

Plaintiff-Appellee,

v.

Steven Hirsch,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Illinois.
No. 4:96CR40094-002--J. Phil Gilbert, Chief Judge.

Submitted October 1, 1999--Decided March 23,
2000

   Before Easterbrook, Ripple, and Kanne,
Circuit Judges.

   Easterbrook, Circuit Judge.  Following a
guilty plea to drug-related crimes,
Steven Hirsch was sentenced to 157
months' imprisonment. The sentence was
pronounced on January 29, 1999, and
docketed on February 3, 1999; any appeal
was due by February 16. Fed. R. App. P.
4(b). (February 13 was a Saturday, and
Monday, February 15, was a holiday.) A
notice of appeal was filed on May 21,
1999, more than three months late.

   Counsel's explanation for this delay, if
true, is shocking. After imposing
sentence, a federal judge must inform the
defendant of his right to appeal and must
offer an opportunity to have the clerk of
court file a notice of appeal on
defendant's behalf. Fed. R. Crim. P.
32(c)(5). Hirsch's lawyer has stated
that, when asked whether the clerk should
file an appeal on his behalf, Hirsch
answered yes. But the clerk did nothing,
and by the time counsel realized this it
was too late.

   This is shocking for at least two
reasons. One is the clerk's failure to

perform a ministerial act whose omission could have serious adverse consequences for a criminal defendant. The other is counsel's failure to ensure that a notice of appeal was filed. Defendants have 10 days to appeal, with an extension to 40 days available for "excusable neglect or good cause". Fed. R. App. P. 4(b)(4). The clerk's failure would have been "good cause" for counsel to file a belated appeal, so all counsel had to do was check the docket any time within 40 days--but Hirsch's lawyer did not take that simple precaution. The absence of a docketing notice from this court would have put a prudent lawyer on guard. Both the Rules of Appellate Procedure and the Circuit Rules impose duties on counsel that begin with the notice of appeal. For example, the appellant's lawyer must file a docketing statement within seven days after the notice of appeal. Circuit Rule 3(c)(1). An appellant must order any relevant transcript within 10 days of the notice of appeal. Fed. R. App. P. 10(b)(1). In this circuit, the appellant's brief is due 40 days after the appeal is docketed, Circuit Rule 31(a), so counsel must ascertain the docketing date. Had Hirsch's lawyer taken any steps to comply with these rules, he would have learned that no notice of appeal had been filed. But for approximately 100 days after Hirsch's sentencing, his lawyer did nothing.

Not until May 20, 1999, did Hirsch's lawyer (Douglas A. Forsyth, of St. Louis, Missouri) bestir himself on behalf of his client. On May 20 he filed in the district court a motion for permission to take an untimely appeal; the next day Forsyth filed a notice of appeal. On June 11 the district judge entered an order granting Forsyth's motion and stating that "the May 21, 1999, Notice of Appeal is deemed timely." That decision is ineffectual. Appellate Rule 4(b)(4) provides that a district court may "extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)." Rule 26(b)(1) adds that a district court lacks power to extend the time for a notice of appeal, except to the extent provided in Rule 4. Thus the maximum lawful extension would have been to March 15, 1999, a date long gone when Forsyth asked for extra time. (The outer limit is March 15,

rather than March 18, because the extra days added to an original period that ends on a weekend or holiday are not tacked onto the extension period.)

When purporting to grant Forsyth additional time to file a notice of appeal, the district court did not make findings of fact concerning Forsyth's assertion that Hirsch asked the clerk to file a notice of appeal on his behalf. If such a request was made, then the district court needs to change its procedures to ensure compliance with Rule 32(c)(5). Failure to file a notice of appeal, after the defendant so requests in open court, is rare and may be unique; we have been unable to find any other case in which judges have had to ponder how to proceed when the clerk does not carry out that mechanical step. One possibility would be to declare that what should have been done will be treated as done; then we would proceed as if a notice of appeal had been filed on January 29, 1999. That approach would protect defendants from bureaucratic errors, but it could not be reconciled with the Rules of Appellate Procedure, which require an actual notice of appeal rather than a virtual one, or with the principle that a timely notice of appeal is essential to appellate jurisdiction. Browder v. Director, Department of Corrections, 434 U.S. 257, 264 (1978). Treating as done whatever should have been done would demolish the Rules' timetables. It would, for example, treat a client's request to his lawyer to file a notice of appeal as getting the appeal under way, whether the lawyer filed the notice or not. Even limiting the approach to public officials would require many rules and doctrines to be rewritten. Consider, for example, Fed. R. Crim. P. 29(c), which limits to seven days the time a defendant has to file a motion for acquittal (and also limits the period within which the judge may extend that time). Carlisle v. United States, 517 U.S. 416 (1996), holds that the court lacks authority to grant a motion filed one day late, even on the assumption that it should have been filed earlier and that the delay did not cause prejudice. A principle that the court will treat a motion (or notice of appeal) as filed when it should have been filed would require a different outcome in Carlisle and many similar cases. Even the "unique

circumstances doctrine," an approach that treats some steps in the appellate process as if they had been done on time, applies only when a court expressly assures counsel or a litigant that a step has been taken correctly, Osterneck v. Ernst & Whinney, 489 U.S. 169, 178-79 (1989), and no express assurance is evident here.

Unsettling as it is to disadvantage Hirsch because of what may have been a clerical error, we have no choice but to dismiss this appeal. But just as in United States v. Marbley, 81 F.3d 51 (7th Cir. 1996), dismissal does not bring proceedings to a close; quite the contrary. Strict enforcement of a rule meant to expedite appellate resolution will breed delay, for Hirsch is not out of options. He may now file a motion under 28 U.S.C. sec.2255, contending that Forsyth's failure to ensure that the clerk followed through deprived Hirsch of the assistance of counsel guaranteed by the sixth amendment. See Roe v. Flores-Ortega, 68 U.S.L.W. 4132 (U.S. Feb. 23, 2000); United States v. Nagib, 56 F.3d 798 (7th Cir. 1995); Castellanos v. United States, 26 F.3d 717 (7th Cir. 1994). If the district court finds that Forsyth was asleep on the job, then the court must vacate the judgment and reimpose the sentence to permit an appeal.

Of course, the judge cannot overlook the possibility that Hirsch did not make a timely request for an appeal on his behalf. If he did not make a request in open court, or to counsel within 10 days, then relief is not available under sec.2255. See United States v. Nagib, 44 F.3d 619 (7th Cir. 1995); United States v. Mosley, 967 F.2d 242 (7th Cir. 1992).

The transcript of the sentencing proceedings, which was prepared at our request, does not jibe with Forsyth'srepresentations to the district court (or to us). The district judge informed Hirsch: "If you so request, a notice of appeal will be docketed by the clerk at this time. Do you understand that?" Hirsch answered "yes" but did not go on to make the request. If the transcript is in error and Hirsch did make a timely request in open court, or if he asked Forsyth within 10 days to file an appeal, then Hirsch has received

ineffective assistance of counsel. But if there was no request within 10 days in or out of court, then Hirsch cannot change his mind later and blame his lawyer. See Flores-Ortega, 68 U.S.L.W. at 4133-35.

We observed in Marbley that this multi-step process poorly serves the interests of both defendants and the judicial system. We are sending this opinion to the Judicial Conference's Standing Committee on Rules of Practice and Procedure so that the bodies charged with proposing changes to the federal rules may consider whether it would be prudent to amend either Criminal Rule 32(c)(5) or Appellate Rule 4(b)(4) to provide for the possibility that the clerk will fail to comply with a request to file a notice of appeal. Perhaps it would be beneficial to amend Appellate Rule 4(b)(4) to provide that an appeal is timely if, within 10 days after being sentenced, a criminal defendant informs either court or counsel of his desire to appeal. Our function today, however, is not to draft new rules but to implement the rules as they exist. Under those rules, Hirsch's appeal must be dismissed for want of jurisdiction.