**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Ahmad BISHAWI, Defendant–
Appellant.**

**No. 02–1584.**

United States Court of Appeals,
Seventh Circuit.

Submitted July 5, 2002 *.

Decided July 9, 2002.

---

* This successive appeal has been submitted to the panel that resolved the prior appeal. See Operating Procedure 6(b). After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f).

Before BAUER, EASTERBROOK, and MANION, Circuit Judges.

Order

This is the third and final appeal in Ahmad Bishawi's criminal prosecution. Following his conviction for conspiring to distribute crack cocaine, Bishawi was sentenced to 240 months' imprisonment. While his initial appeal (No. 99–3589) was pending, Judge Riley, who had presided at his trial, retired, and Chief Judge Gilbert informed counsel in all of Judge Riley's recent cases that there was a chance that Judge Riley had engaged in improper *ex parte* contacts with jurors. Bishawi filed a motion under Fed.R.Crim.P. 33 based on this disclosure, and at Bishawi's request we remanded No. 99–3589 on February 16, 2000, so that all options would be open to the district court and a single subsequent appeal would present all issues.

District Judge Mills of the Central District of Illinois, presiding by designation over post-trial proceedings in Judge Riley's cases, concluded that Bishawi and six other defendants were entitled to new trials under Rule 33 because of the likelihood of improper contact, whether or not *ex parte* contacts had occurred in a particular case. See, e.g., *United States v. Bishawi*, 109 F.Supp.2d 997 (S.D.Ill.2000). On the United States' appeals in three of these cases, we reversed and directed the district court to hold an evidentiary hearing to determine whether improper contacts had occurred and, if so, whether they jeopardized defendants' substantial rights. *United States v. Bishawi*, 272 F.3d 458 (7th Cir.2001). At the hearing on remand, 11 of the 12 jurors in Bishawi's case testified. Each stated that no contacts had occurred during deliberations, and that prior exchanges between the judge and the jurors had been unrelated to the merits— for example, the judge chatted with some jurors about a television show and told others where they might find something to eat. Judge Mills then denied the motion for a new trial, concluding that, although no contacts at all should have occurred, what happened in this case did not jeopardize Bishawi's substantial rights. *United States v. Bishawi*, 186 F.Supp.2d 889 (S.D.Ill.2002).

Bishawi's current appeal is from the conviction and sentence, now made final by the denial of his motion for a new trial. But he does not raise any objection to the conviction or sentence, other than to contend that the original new-trial order should have been allowed to stand. His objection is to our initial decision rather than to any finding of fact or judgment call made on remand. He contends, for example, that we lacked appellate jurisdiction over the prosecutor's appeal. That argument, which was made previously, is blocked by the law of the case even though our opinion did not discuss it explicitly. We withheld discussion because the contention is incompatible with settled law. Bishawi contends that his Rule 33 motion should be treated as a separate civil case, so that the United States' motion for reconsideration in the district court had to be filed within 10 days, see Fed.R.Civ.P. 59, rather than the 30 days available for motions by the United States in criminal cases under *United States v. Ibarra*, 502 U.S. 1, 112 S.Ct. 4, 116 L.Ed.2d 1 (1991), *United States v. Dieter*, 429 U.S. 6, 97 S.Ct. 18, 50 L.Ed.2d 8 (1976), and *United States v. Healy*, 376 U.S. 75, 84 S.Ct. 553, 11 L.Ed.2d 527 (1964). Although Rule 33 motions *can be* collateral attacks, see *United States v. Evans*, 224 F.3d 670 (7th Cir.2000), this one was not: by virtue of our order in February 2000 the conviction's finality had been suspended pending resolution of Bishawi's motion. As we held in *Kitchen v. United States*, 227 F.3d 1014 (7th Cir.2000), any Rule 33 motion

filed and resolved before appellate decision on direct appeal is treated as an integral part of the criminal prosecution. So the prosecutor's motion for reconsideration was timely, as was the notice of appeal (filed 11 days after the district court denied the motion for reconsideration).

This leaves only Bishawi's contention that he is entitled to retrial whether or not the *ex parte* contacts had any potential to affect his substantial rights. That argument is unavailing for the reasons given by our opinion last year and by the district judge's opinion on remand. Almost all of the citations and arguments in Bishawi's brief reflect reliance on the district court's opinion at 109 F.Supp.2d 997, a decision we reversed last year. To obtain relief now, Bishawi needed to show some error in the original conviction in sentence, or in the proceedings on remand, and he has not attempted to do so. No further discussion is necessary.

AFFIRMED