Ahmad **BISHAWI**, Petitioner,

v.

**UNITED STATES of America,**
**Respondent.**

No. 03–4121.

United States District Court,
S.D. Illinois.

Nov. 24, 2003.

Ahmad Bishawi, Rivers Correctional Institution, Winton, NC, pro se.

Patty Merkamp Stemler, U.S. Department of Justice, Appellate Section, Crim. Div., Washington, DC, for Respondent.

## OPINION

RICHARD MILLS, District Judge.

A § 2255 petition.

This is Petitioner's latest foray in his lengthy excursion in the federal court system.

And, the Sixth Amendment mandates that Petitioner be allowed to continue his odyssey.

Petition allowed.

## I. BACKGROUND

On January 19, 1999, a jury found Ahmad Bishawi guilty of conspiracy to distribute cocaine and cocaine base in violation of 21 U.S.C. § 841(a)(1) and § 846 and 18 U.S.C. § 2. On October 1, 1999, the late United States District Judge Paul E. Riley sentenced Bishawi to 240 months of imprisonment.

That same day, Bishawi filed a notice of appeal from his conviction and sentence. While his appeal was pending before the United States Court of Appeals for the Seventh Circuit, Bishawi's counsel received notification from (then Chief) United States District Judge J. Phil Gilbert that Judge Riley may have had *ex parte* communications with the jury during its deliberations in Bishawi's case. Based upon a motion by Bishawi's attorney, the Seventh Circuit issued a general remand to the district court for further proceedings based upon the information subsequently learned regarding Judge Riley's conduct during the trial. Specifically, the Seventh Circuit stated:

> This appeal is **REMANDED** to the district court for further proceedings. The parties are reminded that a new notice of appeal must be filed by any party dissatisfied with the judgment following the additional proceedings. The mandate in this appeal shall issue forthwith.

Thereafter, Bishawi's case was assigned to this Court for further proceedings.

After his case had been remanded to this Court, Bishawi filed a motion for a new trial pursuant to Federal Rule of Criminal Procedure 33. On August 28, 2000, the Court allowed Bishawi's motion and granted his request for a new trial. *United States v. Bishawi*, 109 F.Supp.2d 997 (S.D.Ill.2000). However, the Seventh Circuit vacated this Court's Opinion granting Bishawi a new trial and remanded the case for further proceedings. *United States v. Bishawi*, 272 F.3d 458 (7th Cir. 2001). Specifically, the Seventh Circuit opined:

> The holding of an evidentiary hearing in this case would have afforded the parties an opportunity to interview jurors and determine "whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear upon any *juror*." Fed. R.Evid. 606. Once these factual determinations were made, the trial court would have been equipped to adequately assess the impact of any *ex parte* contacts on the juries before whom appellees' cases were tried and decided whether or not such communications were harmless error.... The trial court abused its discretion in failing to hold such a hearing.

*Id.* at 462–63.

After receiving the mandate, the Court conducted an evidentiary hearing as directed by the Seventh Circuit. At this hearing, the Court heard testimony from the jurors who deliberated and found Bishawi guilty of conspiring to distribute cocaine and cocaine base. In addition, the parties asked the Court to re-evaluate and re-consider the affidavits of court personnel which had previously been submitted to the Court.

On February 25, 2002, the Court denied Bishawi's motion for a new trial after concluding that any *ex parte* communications which Judge Riley had with the jurors did not affect the outcome of his case. *United States v. Bishawi*, 186 F.Supp.2d 889 (S.D.Ill.2002). On July 5, 2002, the Seventh Circuit affirmed this Court's denial of Bishawi's motion for a new trial. *United*

*States v. Bishawi,* 40 Fed.Appx. 272 (7th Cir.2002). In affirming this Court's decision, the Seventh Circuit opined:

> This is the third and final appeal in Ahmad Bishawi's criminal prosecution.... While his initial appeal (No. 99–3589) was pending, Judge Riley, who had presided at his trial, retired, and Chief Judge Gilbert informed counsel in all of Judge Riley's recent cases that there was a chance that Judge Riley had engaged in improper *ex parte* contacts with jurors. Bishawi filed a motion under Fed.R.Crim.P. 33 based on this disclosure, and at Bishawi's request we remanded No. 99–3589 on February 16, 2000, so that all options would be open to the district court and a single subsequent appeal would present all issues.
>
> * * *
>
> Bishawi's current appeal is from the conviction and sentence, now made final by the denial of his motion for a new trial. But he does not raise any objection to the conviction or sentence, other than to contend that the original new-trial order should have been allowed to stand.
>
> * * *
>
> This leaves only Bishawi's contention that he is entitled to retrial whether or not the *ex parte* contacts had any potential to affect his substantial rights. That argument is unavailing for the reasons given by our opinion last year and by the district judge's opinion on remand.

*Id.* at 273–74. Bishawi did not seek a review of this decision by the United States Supreme Court.

On July 25, 2003, Bishawi filed another notice of appeal. In this notice of appeal, Bishawi expressed his desire to appeal "the conviction entered on January 19, 1999, and the sentence entered by Judge Paul E. Riley on October 1, 1999." In dismissing this appeal, the Seventh Circuit held:

> Defendant filed a *pro se* notice of appeal on July 25, 2002, "from the conviction entered on January 19, 1999 and the sentence entered ... on October 1, 1999." Defendant's conviction and sentence, however, did not become final (and appealable) until the district court denied defendant's motion for a new trial on February 25, 2002. *See* order of July 9, 2002, in Appeal No. 02–1584. The present appeal, therefore, is over four months late and is DISMISSED as untimely.

Bishawi has now filed the instant petition, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his conviction and/or sentence. Therein, Bishawi raises seven grounds which he asserts entitles him to the relief which he seeks:

- The Government failed to prove, beyond a reasonable doubt, that he conspired to distribute crack cocaine.

- The Indictment returned against him failed to specify the amount of drugs which he allegedly conspired to distribute, and the Government failed to prove, beyond a reasonable doubt, the amount of drugs involved in the alleged conspiracy.

- The Government failed to offer sufficient evidence with which a reasonable jury could find him guilty, beyond a reasonable doubt, of all of the essential elements of the charged offense because there was a substantial variance between the Indictment and the evidence offered at trial.

- The district court committed reversible error in admitting his fraudulent and illegally obtained confession and also erred in allowing FBI Agent Robert Shay to offer perjurious testimony.

- The United States District Court for the Southern District of Illinois lacked subject matter jurisdiction in this case.
- He was denied his Sixth Amendment right to a speedy trial.
- He received ineffective assistance of counsel in violation of his Sixth Amendment right.[1]

The Government argues that Bishawi did not receive ineffective assistance of counsel during the pre-trial stages, during the trial, or during his sentencing hearing. Accordingly, the Government asks the Court to make a finding that Bishawi did not receive ineffective assistance of counsel during any of the district court proceedings and asks the Court to deny Bishawi's § 2255 petition as to this ground.

However, the Government concedes that Bishawi received ineffective assistance of counsel on appeal. Based upon this concession, the Government asks the Court to vacate and, then, immediately reimpose Bishawi's conviction and sentence, thereby giving him ten days within which to file a notice of appeal in order to challenge, on direct appeal, his conviction and sentence. Finally, the Government asks the Court to deny Bishawi's first six grounds proffered in support of his § 2255 petition as being premature in light of its concession that Bishawi's counsel's actions deprived him of his appellate rights.

## II. ANALYSIS

■ . Ordinarily, claims not raised on appeal are procedurally defaulted. *Barker v. United States,* 7 F.3d 629, 632 (7th Cir. 1993). "A § 2255 petition is not a substitute for direct appeal." *Prewitt v. United States,* 83 F.3d 812, 816 (7th Cir.1996), citing *Theodorou v. United States,* 887 F.2d 1336, 1339 (7th Cir.1989). Procedur-

ally defaulted constitutional claims may only be raised for the first time in a collateral attack if the petitioner can show cause for the procedural default and prejudice from the failure to appeal. *United States v. Frady,* 456 U.S. 152, 167–68, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982); *McCleese v. United States,* 75 F.3d 1174, 1177 (7th Cir.1996). If a petitioner is unable to demonstrate both cause and prejudice, a petitioner may be able to obtain collateral review only if he can persuade the court that the dismissal of his petition would result in a fundamental miscarriage of justice. *Murray v. Carrier,* 477 U.S. 478, 495, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986).

In the instant case, Bishawi did not raise any of his seven tendered grounds in support of his § 2255 petition—including his claim of ineffective assistance of counsel—on direct appeal. Accordingly, Bishawi must satisfy the cause and prejudice standard.

■ A claim of ineffective assistance of counsel can satisfy the cause component necessary to overcome procedural default. *Fern v. Gramley,* 99 F.3d 255, 259 n. 4 (7th Cir.1996). Moreover, whether a claim of ineffective assistance is raised on direct appeal, in a motion for a new trial, or in a § 2255 petition, the claim is governed by the *Strickland* standard. *United States v. Lindsay,* 157 F.3d 532, 534 (7th Cir.1998). To establish a claim of ineffective assistance of counsel, a petitioner must show two things.

*First,* the petitioner must show that his counsel performed in a deficient manner. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "When a convicted defendant complains of the ineffectiveness of counsel's assistance,

---

1. Some of Bishawi's seven grounds also contain discrete sub-issues which he contends

entitles him to relief.

the defendant must show that counsel's representations fell below an objective standard of reasonableness." *Id.* at 687–688, 104 S.Ct. 2052. A court, in reviewing a petitioner's claim of ineffective assistance of counsel, must give great deference to the attorney's performance due to the distorting effects of hindsight. *Id.* at 689, 104 S.Ct. 2052. In addition, the petitioner must overcome a strong presumption that the attorney's conduct falls within a wide range of reasonable professional assistance. *Id.*

*Second,* the petitioner must show that counsel's deficient performance prejudiced her. *Id.* at 687, 104 S.Ct. 2052. A petitioner must show that counsel's errors "actually had an adverse effect on the defense."[2] *Id.* at 693, 104 S.Ct. 2052.

■ In the present case, the Court agrees with the Government that Bishawi received ineffective assistance of counsel on appeal in violation of his Sixth Amendment rights. It is clear from the Seventh Circuit's orders that that court contemplated and even directed the parties to file one consolidated appeal after this Court had ruled upon Bishawi's motion for a new trial based upon Judge Riley's alleged *ex parte* contacts with the jury.

However, that is not what Bishawi's counsel did. In fact, Bishawi's appellate counsel was under the mistaken belief that any appellate issues surrounding Bishawi's conviction and sentence could not be raised on direct appeal until the Seventh Circuit had determined whether this Court correctly denied the motion for a new trial.[3] Bishawi's counsel only litigated the denial of the motion for a new trial on appeal, thereby depriving Bishawi of his right to challenge his conviction and sentence on direct appeal.

While it is true that "strategic choices made after thorough investigation of the law and facts relevant to plausible options are virtually unchallengeable," *Strickland,* 466 U.S. at 690, 104 S.Ct. 2052, here, Bishawi's counsel's failure to raise *any* issue regarding the underlying conviction or sentence cannot be attributed to any strategic decision, and the only articulated reason for counsel's failure to include any issue surrounding Bishawi's conviction or sentence on direct appeal was counsel's erroneous belief that he could, and in fact should, raise those issues in a separate, later direct appeal. In essence, Bishawi's counsel's action is the equivalent of his failing to file a notice of appeal through inadvertence. The Court finds that Bishawi's counsel's conduct in failing to raise any issue surrounding Bishawi's underlying conviction and sentence in Bishawi's direct appeal cannot be characterized as a reasonable strategic decision, clearly falls "outside the wide range of professionally competent assistance", *Strickland,* 466 U.S. at 690, 104 S.Ct. 2052, and was constitutionally deficient. *Kitchen v. United States,* 227 F.3d 1014, 1020 (7th Cir.2000).

■ Furthermore, the Court finds that Bishawi has suffered prejudice as a result of his attorney's conduct. As the Seventh Circuit has explained:

Prejudice, however, can be presumed only in the most egregious cases of ineffective assistance—those where "[p]reju-

---

**2.** The Supreme Court has held that a defendant must show that counsel's errors rendered the proceedings "fundamentally unfair or unreliable" in addition to simply showing prejudice. *Lockhart v. Fretwell,* 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993).

**3.** In at least two letters, Bishawi's appellate counsel advised Bishawi that his right to appeal his conviction and sentence was being held in abeyance until the motion for a new trial had been resolved and that, thereafter, he could pursue another direct appeal in which he could challenge his underlying conviction and sentence.

dice ... is so likely that case-by-case inquiry into prejudice is not worth the cost," *id.* at 692, 104 S.Ct. 2052—and "[a]ctual or constructive denial of the assistance of counsel altogether is legally presumed to result in prejudice." *Id. See also Penson v. Ohio,* 488 U.S. 75, 88, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *United States v. Cronic,* 466 U.S. 648, 659, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). The Supreme Court recently held, in a case in which defense counsel failed to file a notice of appeal for direct review of a conviction, that "when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim," *Flores–Ortega,* [528 U.S. 470,] 120 S.Ct. [1029] at 1039, [145 L.Ed.2d 985 (2000)] and need not demonstrate "the merits of his underlying claims," *id.* at 1038. Prior to *Flores–Ortega,* we had ruled similarly in *Castellanos v. United States,* 26 F.3d 717, 720 (7th Cir.1994)(holding, in a case in which it was undisputed that the defendant requested that his attorney file a direct appeal, that "[a] defendant is entitled on direct appeal to legal aid ... and he need not make a preliminary showing of 'prejudice'....").

*Id.* The Court believes that this case is one in which prejudice can be presumed. Bishawi's counsel's failure to include any issue on direct appeal regarding Bishawi's underlying conviction and sentence effectively deprived him of an appeal which he would otherwise have taken. *Id.*

■ Accordingly, the Court finds that Bishawi has satisfied both the cause and the prejudice inquiry and that Bishawi is entitled to relief pursuant to 28 U.S.C. § 2255. The relief to which Bishawi is entitled, however, is not an immediate release from imprisonment as he requests. Rather, the relief to which Bishawi is entitled is the one suggested by the Govern-

ment. Where a defendant is entitled to a new appeal, the proper procedure is to "vacate the judgment and reimpose sentence to permit an appeal." *United States v. Hirsch,* 207 F.3d 928, 931 (7th Cir.2000); *United States v. Prado,* 204 F.3d 843, 845 (8th Cir.2000)(holding that "[w]hen a defendant has been unconstitutionally deprived of appellate review due to ineffective assistance of counsel, the prescribed procedure is for the district court to vacate the sentence and then reimpose it, allowing the defendant ten days to appeal from the imposition of the new sentence.").

The Court also agrees with the Government that Bishawi's first six grounds tendered in support of his § 2255 petition are now, in light of the Court's ruling, premature. Because he will be afforded a right to a direct review of his conviction and sentence, Bishawi and his new counsel may (and more appropriately should) present these six issues (and others) directly to the Seventh Circuit for review.

However, the Court declines the Government's invitation to find that Bishawi did not receive ineffective assistance of counsel from the various attorneys who represented him before Judge Riley. The Court declines the Government's request for two reasons.

■ *First,* if the Court were to rule on this issue now, that ruling could have a preclusive effect upon Bishawi's ability to present the issue on direct appeal. Although it is true that claims of ineffective assistance of counsel are, generally, more appropriately brought in a collateral attack rather than on direct appeal, a defendant may present an ineffective assistance claim on direct appeal if he has different counsel on appeal. *See United States v. Hodges,* 259 F.3d 655, 659 n. 2 (7th Cir.2001) (holding that "we are reluctant to hear, and ordinarily do not hear, claims of ineffective assistance of counsel on direct appeal. We

will, however, hear such appeals when the defendant is represented by a different attorney on appeal and the claim rests on the trial record alone, if the record is complete enough for us to address the claim.").

*Second,* and more importantly, if the Seventh Circuit vacates or reverses either Bishawi's conviction or sentence, this Court's ruling on his ineffective assistance of trial counsel claim would be meaningless and would constitute an advisory opinion which federal courts scrupulously avoid. *See Alabama v. Shelton,* 535 U.S. 654, 676, 122 S.Ct. 1764, 152 L.Ed.2d 888 (2002)(Scalia J., dissenting and noting the Supreme Court's "longstanding refusal to issue advisory opinions."). Thus, it is sufficient at this point for the Court to find that Bishawi received ineffective assistance of counsel on appeal and that his relief for the denial of his Sixth Amendment right is for the Court to vacate and, then, reimpose his conviction and sentence so that he may take the direct appeal of which he was deprived.[4]

Finally, one additional issue needs the Court's attention. After the Government filed its Answer to Bishawi's § 2255 petition as directed by the Court, Bishawi filed a reply and a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. In his motion for summary judgment, Bishawi argues that, because the Government did not directly respond to his first six grounds for relief, the Government has confessed those grounds, and therefore, the Court should allow his petition, vacate his conviction and sentence, and order his immediate release.

Contrary to Bishawi's assertion, the Government did address his first six

grounds for relief. Specifically, the Government asserted that those grounds have been prematurely raised in light of its concession that Bishawi received ineffective assistance of counsel on appeal and that he should receive the reinstatement of his direct appeal rights. As noted *supra,* the Court agrees that Bishawi received ineffective assistance of counsel on appeal, and this finding makes his other asserted grounds premature. Although the Court will not directly rule upon his asserted grounds, the Court will state that these six grounds do not entitle him to summary judgment, to a complete vacation of his conviction or sentence, or to an immediate release from imprisonment.

*Ergo,* Petitioner's Motion for Summary Judgment is DENIED.

However, Petitioner's Petition to Vacate, Set Aside, or Correct his Sentence, pursuant to 28 U.S.C. § 2255, is ALLOWED.

Accordingly, the Clerk of the Court is DIRECTED to VACATE the Judgment, Conviction, and Sentence previously imposed upon Petitioner in this case but is also DIRECTED to REIMPOSE the identical Judgment, Conviction, and Sentence previously imposed upon Petitioner in this case as of the date of the docketing of this Opinion.

Furthermore, the Clerk of the Court is DIRECTED to file a notice of appeal on Petitioner's behalf as of the date of the docketing of this Opinion. Based upon his previous indigent status and his representations contained within the instant petition, the Court will allow Petitioner to proceed on his direct criminal appeal *in forma pauperis* pursuant to 28 U.S.C. § 1915. However, Petitioner should file,

---

**4.** Due to the applicable time constraints involved (Bishawi only has ten days from the date of this Opinion within which to file his notice of appeal) and Bishawi's current incarceration, the Court will direct the Clerk of the

Court to file, as of the date of the filing of this Opinion, a notice of appeal on Bishawi's behalf in order to ensure that his appeal is timely filed.

within twenty-one days of the docketing of this Opinion, a certified copy of his prison trust fund account for the last six months verifying his indigent status pursuant to 28 U.S.C. § 1915(a)(2).

Finally, should Petitioner desire counsel to represent him on appeal, he should file an appropriate request with the United States Court of Appeals for the Seventh Circuit which will appoint counsel to represent him on his direct criminal appeal.