**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Devin B. STEELE, Defendant–**
**Appellant.**

**No. 04–1984.**

United States Court of Appeals,
Seventh Circuit.

Submitted March 11, 2005.

Decided March 24, 2005.

Michelle L. Jacobs, Office of the United States Attorney, Milwaukee, WI, for Plaintiff–Appellee.

Ann T. Bowe, (Strkn), Milwaukee, WI, for Defendant–Appellant.

Before MANION, WOOD, and SYKES, Circuit Judges.

## ORDER

Devin Steele pleaded guilty to cocaine distribution and was sentenced to 151 months' imprisonment. His counsel moves for leave to withdraw from this appeal under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because he believes that all potential appellate arguments are frivolous. Along with his motion, counsel filed a jurisdictional memorandum, which we construed as a brief in support of the *Anders* motion. *See United States v. Mason*, 343 F.3d 893 (7th Cir.2003). We then offered Steele an opportunity to respond, *see* Seventh Cir. R. 51(b), which Steele has now done. We agree with counsel that the appeal should be dismissed, but on the ground that the appeal is untimely.

The district court entered judgment against Steele on March 31, 2004. Steele's notice of appeal was due ten days later, or April 14, 2004 (not counting weekends and holidays). *See* Fed. R.App. P. 4(b) (notice of appeal in criminal case must be filed within 10 days of entry of judgment); Fed. R.App. P. 26(a). Steele did not file a notice of appeal, however, until April 16, 2004. Accordingly, when we realized that Steele's appeal was untimely, we suspended briefing while he moved the district court for an extension of time to file his notice of appeal. *See* Fed. R.App. P. 4(b)(4). The district court denied the motion.

Without an extension of time from the district court Steele's notice of appeal is untimely. *See United States v. Hirsch*, 207 F.3d 928, 930 (7th Cir.2000); *United States v. Dumas*, 94 F.3d 286, 289 (7th Cir.1996). And the district court acted within its discretion in denying the motion for more time. Federal Rule of Appellate Procedure 4(b)(4) permits the district court to extend the time for filing a notice of appeal by up to forty days after the entry of judgment upon a showing of good cause or excusable neglect. Excusable neglect occurs only in unusual circumstances; counsel's inadvertence or miscalculation are not sufficient reasons to extend time. *See United States v. Alvarez–Martinez*, 286 F.3d 470, 473 (7th Cir.2002). Steele argued to the district court only that an extension was warranted because his trial counsel was not originally aware that he wanted to file an appeal. The district court explained that this apparent misunderstanding did not warrant an extension because Steele had been told about the filing deadlines at sentencing. Steele did not even allege in his motion to extend time that he informed counsel before April 14 that he wanted to appeal. It appears, then, that there was no ground on which the district court could grant the motion. *Cf. Alvarez–Martinez*, 286 F.3d at 473 (holding that district court has discretion

to grant extension of time where defendant timely requested that counsel appeal case but counsel failed to file timely notice of appeal).

In his response, Steele blames his lawyer for the untimely filing. Although Steele's argument may have merit, this ineffective-assistance claim must be presented first to the district court in a collateral attack. *See Hirsch*, 207 F.3d at 931.

We DISMISS the appeal for lack of jurisdiction. Counsel's motion to withdraw is DISMISSED as moot.